MARY R. BAKER, Administratrix of the Estate of GEORGE C. BAKER, Deceased, v. A. HALLAM, Appellant.

**Deed in Blank:** DECEIT. Defendant made a deed. At the request of the grantee he erased the name of that grantee, and returned it to him with an abstract showing title in defendant, which abstract proved to be spurious. The man whose name had thus been erased, sold to plaintiff who inserted his own name as grantee, *Held*, as defendant had by his own act put a deed in blank, accompanied by such abstract, into circulation, he was liable to said last buyer as for false representations as to ownership of the land. though these two never came together.

RELIANCE OF VENDEE. The nature of the transaction, and the fact that vendee gave valuable consideration for the land, are sufficient to support a verdict that plaintiff relied on the representations of ownership, by defendant.

**Evidence.** Where one delivers a deed which his own grantor had made a deed in blank by erasure, and with it a true copy of abstract which states the title falsely, his statements to his vendee

that the original abstract had been received from said grantor and must be returned to him. are admissible in an action for deceit brought by the last vendee against such original grantor.

SAME.   The abstract was spurious and a forgery.   One K testified that the land had been offered to him, and that a deed therefor from defendant, accompanied by the abstract, was placed in escrow, while he sent a copy of the abstract to the clerk in Georgia, who had certified it, and discovered it to be a forgery; whereupon he declined to take the land and told his reason plainly.   He was then given other land and money as a substitute, which money was paid by defendant.   *Held*, that there was evidence that defendant knew the abstract was spurious.

SAME.   The admission of testimony of K as to the return of the deeds and abstract in escrow, in connection with his other testimony was not prejudicial error, as the purpose of the testimony was to show that K had notified defendant of the defective character of his title.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

### FRIDAY, OCTOBER, 8, 1897.

ACTION at law to recover damages for alleged fraud and deceit in the conveyance of real estate.   The issues and facts appear in the opinion.   Verdict and judgment were rendered for the plaintiff.   Defendant appeals.— *Affirmed.*

*Dowell & Parrish* for appellant.

*Cummins & Wright* for appellee.

GIVEN, J.—I.  There is no dispute as to the following facts:  On July 8, 1889, the defendant executed a special warranty deed to one A. Brower to two thousand acres of land in Camden county, Ga., described as a part of a grant of five thousand acres made by that state to Robert Middleton, March 28, 1794. About the first of November, 1889, Brower sold all of said land to one J. A. Merritt, and was about to erase his name as grantee in said deed, when Merritt

protested that Hallam, the grantee, must consent to
the erasure. Thereupon Brower went to Hallam, who
erased the name of Brower as grantee in the said deed,
leaving it blank as to the grantee, and attaching a note
to the deed, as follows: "Nov. 1, 1889. Mr. Merritt: I
scratched the name out of A. A. Brower's deed. A. Hal-
lam." Merritt received the deed thus made blank as to
the grantee, as a conveyance of the land. During the
transaction between Brower and Merritt, Brower pre-
sented to Merritt, as evidence of the title, what pur-
ported to be an abstract showing title in Hallam.
Brower represented to Merritt that he had promised to
return said abstract to Hallam, but that Merritt could
have a copy made of it, to retain. A copy was made by
E. Irons, who verified the same as a true copy. Merritt
continued to hold the deed in blank as to the grantee,
and said copy of the abstract, until about the first of
July, 1890, when he entered into negotiations with the
plaintiff's intestate, George C. Baker, deceased, for the
sale of said land to him. Merritt presented to Baker,
as evidence of his title, said deed from Hallam, and
said copy of the abstract. Baker gave to Merritt, in pay-
ment for said land, three hundred dollars in money and
two hundred shares of stock of the Mexican & Iron
Mountain Manufacturing Company, of the then value of
from five dollars to eight dollars per share, and received
from Merritt said deed from Hallam, in blank as to the
grantee, and said copy of the abstract. Baker filled the
blank in the deed with his own name as grantee. Plain-
tiff alleges that said abstract was a spurious and forged
abstract, in that certain conveyances appearing therein,
and upon which the title of defendant rested, were
never, in fact, executed or recorded, but were inserted
in said abstract over the certificate of the clerk thereto;
and that said Hallam had no title whatever to the said
lands, "and knew that he had no title thereto, and knew
that the said abstract was a forged and spurious

abstract." Plaintiff asks to recover the value of the money and capital stock paid and transferred to Merritt in consideration of said land.

II. Appellant contends, and appellee concedes, that to entitle the plaintiff to recover she must prove the following: *"First*, that the representations were made to George C. Baker by defendant, Hallam, and were made with intention to influence the action of the said George C. Baker; *second*, that the representations at the time they were made, were known by the defendand to be untrue; *third*, that the said George C. Baker believed and relied upon the said representations, and acted there n, and was damaged thereby." Upon the first proposition appellant insists that there is no evidence that he ever made any representations to Baker. It is true, so far as appears, that Baker and Hallam never came together, or exchanged words, in relation to this land. By delivering his deed in blank as to the grantee, to Merritt, appellant authorized the blank to be filled with the name of any person who might subsequently become a grantee of the land. The deed itself was a representation by him that he, at least, believed that he was the owner of the property conveyed, or had some interest in it. By putting the deed in circulation in blank as to the grantee, he must be presumed to have known that he might thereby become the grantor of a person with whom he had no personal dealings. By accompanying that deed with said abstract, he certainly intended to thereby represent to any person taking title under him that he believed the abstract to be correct. The case is not different from what it would have been if the sale had been directly from Hallam to Baker, and Hallam had presented this deed and abstract as the evidence of his title. That it was a verified copy of the abstract that came to the knowledge of Baker does not change the application of

the rule, for, being a correct copy, it operated as appellant's representation as effectually as if the original abstract had been presented to Baker. This branch of the case was very clearly and concisely submitted to the jury.

III.    Appellant contends that there is no evidence that Hallam had knowledge that the representations made by the deed and abstract were untrue, or that he had no title to the land. The abstract shows upon its face title from the governor of Georgia to Robert Middleton, and from Middleton, through various persons, to Charles J. Santmeyer. Following this is a certificate of John J. Rudolph, clerk of the superior court of Camden county, Ga., who is *ex-officio* recorder of deeds, to the correctness of what precedes. Following this, the abstract shows two conveyances, the last of which is to appellant, Hallam; and after this is another certificate of said clerk, showing conveyances from Whitehead to Davis, and Davis to Hubbell, Hubbell to Austin, and Austin to Hallam. Hon. Phillip Cook, secretary of the state of Georgia, testifies in his deposition that he is custodian of the records of grants from the state; that there is a record of conveyance of fifty grants of one thousand acres each from the governor to Middleton, and of fifty-eight grants of one thousand acres each from the governor to Bryan; that only such grants are recorded in his office, and that grants between individuals are recorded in the office of the clerk of the superior court of the county where the land lays. He says this land was never surveyed or settled upon by any of the grantees; that for thirty years no taxes have been paid on the same, although due each year; that the grants have never been recognized by the state, and most of the land has been granted under the law to actual citizens and residents of the state, who lived upon them and paid taxes for the past fifty years. Mr. Rudolph testifies that seven of the

conveyances shown by said abstract between individuals are not of record in his office. He says: "I executed a certificate of abstract of title from John M. Whitehead to Christopher Davis, and from Christopher Davis and wife to Charles S. Hubbell, and from Charles S. Hubbell and wife to Charles Santmeyer, and from Hubbell to E. Austin, and from E. Austin to A. Hallam. These were the only conveyances contained in the abstract when such certificate was attached. I don't know who changed the abstract to which I attached the certificate to make it appear that all the other conveyances above were of record in Camden county. The abstract is incorrect, not only as to the place of record in the books, but as to the fact of record at all." It can scarcely be doubted, under this evidence, that the abstract is spurious and forged. As to appellant's knowledge of that fact, there is only this evidence: One T. H. Knotts testifies that at a time prior to the date of Hallam's deed he entered into an arrangement with one Collins for the purchase of lands in Camden county, Ga., for other property; that the papers were made out, and deposited in escrow; that thereupon he corresponded with the clerk of the court of the county with respect to the title. He says: "I took the abstract, and sent it to the county clerk of Camden county, Ga., whose certificate it bore, by mail, and inquired of him if that abstract was correct. * * * He said that his certificates related only to certain transfers as being of record, and that he did not certify to the entire abstract. When I received this information, I did not make the trade. I gave my reasons direct to the party with whom I was dealing, whose name I cannot recollect at this moment." Witness testified that the letter from the clerk had been lost or destroyed, and that the papers in escrow were taken up by the respective parties. He also testifies that the deed that

was deposited in escrow was signed by Mr. Hallam, and that the copy of the abstract shown him was a copy of the one sent by him to the clerk. He also testifies that certain lands in Kentucky were substituted for the Georgia lands in the trade, the deed to which was made by Mr. Brower, and that the money difference which he received was paid by Mr. Hallam. It can scarcely be doubted, under this evidence, that Collins was representing Hallam and Brower in the deal with Knotts; that Collins learned from Knotts what the clerk said about the abstract; and we think it may be inferred that Collins imparted this information to Hallam and Brower, as showing why the trade for the Georgia land was not consummated. The question of defendant's knowledge was properly submitted to the jury, and under this evidence the jury was certainly warranted in finding that he knew that the abstract was not true and correct.

IV. Appellant insists that there is no testimony tending to show that George C. Baker relied upon the representations arising from the deed and abstract. This inquiry was also submitted to the jury, and we think it was fully warranted in finding, from the nature of the transaction, that Mr. Baker did rely upon it as a representation upon the part of the grantor therein that he believed himself to be the owner of the land to the extent of the interest conveyed, and that he believed the abstract of title to be correct. It is said that there is no evidence that Baker was ignorant of the falsity of these representations as to title. Surely, if Baker had not relied upon the title, and had known that the title was not as represented by the deed and abstract, he would not have parted with the consideration that he did, for the conveyances.

V. Complaint is made of several rulings on evidence, and, first, that Merritt was permitted to testify

to what Brower said with respect to the abstract, and from whom he got it. Appellant having put this abstract into circulation with his deed, it was competent for Brower to state from whom he received it, and that Hallam required him to return it. The reason for requiring the abstract to be returned may have been because of the alterations that had been made in it, or because it covered more land than the two thousand acres involved in these transactions. We think, under the circumstances, it was competent for Brower to testify as he did. It is also urged that the court erred in permitting Knotts to testify that the papers deposited in escrow had been returned to the parties. There was certainly no prejudice in admitting this testimony. The important part of that inquiry was as to what information Knotts had imparted to the agents of Hallam and Brower touching the condition of the title and abstract. Complaint is made of the instruction to the effect that the delivery of the abstract to Merritt was in law a representation to Baker that the defendant had title to the land. What we have already said disposes of this contention upon the plainest principles of equity and right, and we will not, therefore, refer to any of the authorities cited further than to say that, upon examination, we think they are not applicable to the facts of this case. Our conclusion is that the judgment of the district court should be AFFIRMED.