WALLACE WILSON *vs.* WILLIAM P. HALE.

Norfolk.   November 19, 1900. — March 1, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

An action for maliciously causing the arrest of the plaintiff, in a civil suit alleged
to be groundless, is prematurely brought if the suit thus maliciously begun has
not terminated.   Otherwise, in an action for the malicious use of legal process
in a suit founded on a just claim.

TORT for maliciously causing the arrest of the plaintiff in the
State of Maine in an action of trover alleged to be groundless.
Writ dated June 17, 1899.

At the trial in the Superior Court, before *Richardson*, J., it
appeared that the plaintiff and the defendant were lawyers, re-
siding and having their offices in Boston; that in October, 1893,
the plaintiff, and one George H. Johnson, a wholesale jeweller,
also a resident of Boston, were appointed assignees in insolvency
of the estate of one Anthoine, a retail jeweller, with assets in
Massachusetts and Maine; that the defendant was Anthoine's
counsel in the insolvency proceedings and held a mortgage for
$600 to secure him for his services in that connection; that
after the appointment of the assignees, an agreement was made
between them and the defendant, that the defendant should waive
his mortgage and allow the assignees to sell the property in both
States in consideration of their promise to allow him out of the
estate whatever the judge of the Court of Insolvency should
decide his services were reasonably worth.   Soon afterwards
insolvency proceedings were begun in Maine and the plaintiff
and Johnson were appointed assignees in that State.

In the final account of the assignees as filed in Massachusetts
no provision was made for payment of the defendant.   The de-
fendant called the attention of the Court of Insolvency to this
omission and after hearing he was allowed $100.   The defend-
ant appealed from this allowance, and on May 7, 1894, his
appeal was entered in the Superior Court for the county of
Suffolk.

There was evidence that on May 9, 1894, the plaintiff and
Johnson were in Auburn, Maine, for the purpose of attending a

meeting of the Maine creditors at the Insolvency Court; that on that day the plaintiff and Johnson were arrested on mesne process by a deputy sheriff under a writ issued from the Supreme Judicial Court of the State of Maine, in which the defendant in this case was plaintiff; that the declaration inserted in the writ was a common law declaration in trover, alleging the conversion by the defendants therein of the plaintiff's property. The schedule annexed to the declaration contained a long list of articles of the kind usually found in retail jewelry stores. Upon the writ was a special direction to the sheriff by the present defendant's attorneys, to arrest and hold to bail unless property should be shown. The *ad damnum* was $800. There was evidence that the plaintiff and Johnson were entire strangers in Auburn and found great difficulty in obtaining sureties on their bond. The law of Maine which permits an arrest of the person on mesne process in actions of tort without affidavit was introduced in evidence, and the defendant admitted that he was familiar with this law, and that he had directed his attorneys to bring an action of trover against the plaintiff.

In response to a question by the presiding justice at the trial, the plaintiff's counsel said that he admitted that the defendant thought he had a claim against the plaintiff and Johnson in contract; but that this claim was at the time of the arrest pending in the Superior Court in Boston and could have been sued in the Massachusetts courts at all times, but the plaintiff's contention was that the suit in Maine, while connected indirectly with this contract claim, was not brought in good faith for the purpose of obtaining security or satisfaction of any claim, but was brought for the purpose of injuring the plaintiff. There was no evidence that the suit in Maine had been terminated.

The defendant rested upon the plaintiff's evidence, and the judge thereupon directed the jury to return a verdict for the defendant upon the ground that the plaintiff's action was one for malicious prosecution and that he failed to show a legal termination of the former proceedings.

The jury returned a verdict for the defendant as directed; and the plaintiff alleged exceptions.

*J. E. Hannigan*, for the plaintiff, submitted the case on a brief.
*W. P. Hale, pro se.*

LORING, J.    This suit was prematurely brought.

The plaintiff is right in his contention that the declaration sets forth what would have been an abuse of process had the action in which he was arrested been founded on a just claim. But he is wrong in his contention that for that reason it was not necessary to dispose of that action before bringing the one in question.    He alleged and proved that the action in Maine was a groundless one, and the ordinary rule as to malicious prosecution applies, namely, that he cannot bring an action to try the issue which is raised by the former action while that issue is pending in the action of which he complains.

Not only has the plaintiff in the case at bar alleged that the suit was a groundless one, but he cannot tell the story of the wrong of which he complains without disclosing that fact.    For that reason the case does not come within the rule that "it is sufficient to prove part of an allegation in a writ, if it be divisible and capable of a partial proof, provided the part proved is actionable."    *Buddington* v. *Shearer*, 20 Pick. 477, 478.

There is no hardship on the plaintiff in requiring him to try the action in Maine before bringing this action.    He must go to Maine and defend that action at some time; the necessity of doing so is the very thing of which he complains here; if he had done so, before this action was brought, the injury done him would have been made to appear more clearly than in any other way.

*Exceptions overruled.*