MANSOUR J. GABRIEL & another *vs.* JOHN BOROWY
& another.

Essex.    December 9, 1948. — April 12, 1949.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Landlord and Tenant,* Eviction, Federal control, Parties to tenancy.
    *Fraud. Deceit. Malicious Prosecution. Abuse of Legal Process.*

Any right in a tenant to maintain an action at common law for damage
    sustained by him through violation by his landlord of the provisions
    of the Federal housing and rent act of 1947, U. S. C. (1946 ed.) Sup. I,
    Title 50, Appendix, § 1899 (a) (2), can be enforced only if he sets forth
    in his pleadings all the substantive facts necessary to constitute a cause
    of action.
Allegations, in the declaration in an action at common law by a tenant of
    a dwelling against his landlord, that the plaintiff could not be dispos-
    sessed except upon certain grounds specified in the Federal housing
    and rent act of 1947; that the defendant, pretending that he in good
    faith wished to occupy personally the plaintiff's tenement, brought
    against him "an action of eviction" based on the ground that he
    wished to secure possession of the tenement for his own occupancy
    although his actual intent was to make the property more readily
    saleable; that, by reason of this conduct of the defendant, it became
    incumbent on the plaintiff to secure other living quarters, which he
    did af great expense; and that "after the eviction of" the plaintiff,
    the defendant did not move into the tenement but sold the property,
    failed to set forth a cause of action for malicious prosecution, for a
    wrongful eviction, for abuse of process, or for fraud or deceit based on a
    false representation by the defendant believed by the plaintiff to be
    true and relied upon by him.
The wife of a tenant cannot maintain an action at common law for dam-
    age resulting from an alleged eviction of the tenant and his family
    through conduct of the landlord in violation of the Federal housing
    and rent act of 1947.

TORT.    Writ in the Superior Court dated July 1, 1948.

A demurrer to the declaration was sustained by *Kirk,* J.,
and the plaintiffs excepted.

*R. A. A. Comparone,* for the plaintiffs, submitted a brief.
No argument nor brief for the defendants.

RONAN, J.   The plaintiff Mansour J. Gabriel in the first count of the declaration alleges that he was a tenant occupying for dwelling purposes certain premises owned by the defendants; that "by reason of the housing and rent act of 1947" he could not be dispossessed except upon certain grounds specified in the act; that the defendants, pretending that they in good faith wished to occupy personally the plaintiff's tenement, brought on October 20, 1947, "an action of eviction" against him based on the ground that they wished to secure possession of the plaintiff's tenement for their own occupancy although their actual intent was to make their tenement property more readily saleable; that by reason of this conduct of the defendants, it became incumbent on the plaintiff to secure other living quarters for himself and his family, which he did at great expense; and that "after the eviction of said plaintiff," the defendants did not move into the tenement but sold the property. The second count, brought by the wife of the plaintiff in the first count, with whom she lived, contains allegations similar to those contained in the first count, and seeks damages for pain and suffering alleged to have been caused by the same conduct of the defendants as that mentioned in the first count.   The plaintiffs excepted to an order sustaining the defendants' demurrer, which was based upon the alleged insufficiency of the declaration to set forth any cause of action and the failure to allege concisely and with substantial certainty the facts necessary to constitute a cause of action.   The husband is hereinafter referred to as the plaintiff.

The housing and rent act of 1947, U. S. C. (1946 ed.) Sup. I, Title 50, Appendix, § 1899 (a), provides, in so far as material, that no action to recover possession of any controlled housing accommodations shall be maintained against a tenant who continues to pay the rent to which the landlord is entitled unless "(2) the landlord seeks in good faith to recover possession of such housing accommodations for his immediate and personal use and occupancy as housing accommodations."   It has, however, been held that this

act does not provide any civil remedy to a tenant who has been wrongfully dispossessed. *Leidy* v. *Connor*, 70 Fed. Sup. 1022. *Fleming* v. *Posternock*, 71 Fed. Sup. 821. 47 Colum. L. Rev. 1118, 1154–1155.

There is some diversity of opinion in the decisions of the courts in other jurisdictions as to whether there is any common law remedy and, if there is, what the proper remedy is. The question has frequently arisen in New York where it now seems to be settled that in the absence of a statutory remedy one cannot maintain an action of tort on account of the procurement by fraud of the landlord of a certificate from an administrative board authorizing the bringing of ouster proceedings and the procurement by fraud of a judgment for possession where a stay in execution was granted at the request of the tenant. *David* v. *Fayman*, 298 N. Y. 669. *Rosenbluth* v. *Sackadorf*, 298 N. Y. 761. The subject is now governed by a statute which provides that a tenant, who has been evicted by a judgment or order granted upon the ground that the landlord seeks in good faith to recover possession of the dwelling premises for his immediate and personal use, shall be entitled to recover damages if the landlord does not within thirty days occupy the premises or if he shall within a year rent the premises to a third person. N. Y. Laws (1948) c. 213, § 1. See *H. Kauffman & Sons Saddlery Co. Inc.* v. *Miller*, 298 N. Y. 38, as to commercial property. The only statutory provision in this Commonwealth pertinent to the subject is St. 1948, c. 2, § 4, which makes one who recovers possession of a tenement by the misrepresentation that he desires it for his own occupancy guilty of contempt. It might have a deterrent effect upon the landlord but it does not compensate a tenant for the damage sustained by reason of being dispossessed by the fraud of the landlord.

It has been held in *Reid* v. *Brown*, 24 N. J. Misc. 350, that an action would lie for depriving the tenant by fraud of his statutory right and that an action would also lie for deceit. It was decided in *Tranchina* v. *Arcinas*, 78 Cal. App. (2d) 522, that the tenant could maintain an action

for abuse of process, even if a judgment for possession had been entered in the summary process proceedings. It was decided in California that a tenant, who was induced to vacate by reason of the issuance of an "O. P. A. certificate" which the landlord procured by fraudulent representations that he desired the premises for the occupancy of his son, could maintain an action at common law for fraud and deceit. *Nyulassie* v. *Mozer*, 85 Cal. App. (2d) Sup. 827. It was assumed in *Trepanier* v. *Hujber*, 134 Conn. 24, that a tenant who vacated in consequence of a notice to quit which was given upon a false representation by the landlord that he wished the tenement for himself could recover damages for an illegal eviction.

A landlord could at common law terminate a tenancy at will for ·any purpose he might desire and the tenant could not question his motives or attack his reasons. They were not in issue. *DeWolfe* v. *Roberts*, 229 Mass. 410, 413. *Mescall* v. *Somerset Savings Bank*, 305 Mass. 575, 579. But the Federal act sought to strengthen the tenure of the tenant and created a right for the sole benefit of the tenant and endeavored to protect that right by prohibiting the landlord from maintaining any ouster proceeding, except in those instances sanctioned by the act. Where a statutory right is conferred upon a class of individuals as distinguished from the public at large but no remedy is provided by the statute for the enforcement of the right, the right may be asserted by any appropriate common law remedy that is available. Otherwise, the right would be useless and illusory. *Jeffrey* v. *Blue-Hill Turnpike Corp.* 10 Mass. 368. *Russell Mills* v. *County Commissioners of Plymouth*, 16 Gray, 347. *Attorney General* v. *Williams*, 174 Mass. 476. *Berdos* v. *Tremont & Suffolk Mills,* 209 Mass. 489. *West's Case*, 313 Mass. 146. *Irving Trust Co.* v. *Maryland Casualty Co.* 83 Fed. (2d) 168. *Phoenix* v. *Drinkwater*, 46 Ariz. 470. *McNulty* v. *New York*, 238 N. Y. 29. *Abounader* v. *Strohmeyer & Arpe Co.* 243 N. Y. 458.

A plaintiff seeking to enforce a common law remedy must set forth in his pleadings all the substantive facts

necessary to constitute a cause of action.  The absence of
an allegation of a material fact is not supplied by inference
where the allegations are equally susceptible of an inference
showing the existence of such a fact and of an inference
showing its nonexistence, because a demurrer admits only
facts well pleaded and such inferences as are necessary
inferences from the facts so alleged.  No intendment in
favor of a pleading can be made when its sufficiency is
challenged by a demurrer.  *Pollock* v. *New England Tele-
phone & Telegraph Co.* 289 Mass. 255.  *Grandchamp* v.
*Costello,* 289 Mass. 506.  *Johnson* v. *East Boston Savings
Bank,* 290 Mass. 441, 446–447.  *Robichaud* v. *Owens-Illinois
Glass Co.* 313 Mass. 583.  *Foster* v. *Shubert Holding Co.*
316 Mass. 470, 474.  A demurrer based on the ground that
the declaration does not set forth any cause of action only
raises the question whether the declaration states, even
imperfectly, any kind of cause of action.  *Steffe* v. *Old
Colony Railroad,* 156 Mass. 262, 263.  *Kenyon* v. *Chicopee,*
320 Mass. 528, 530–531.  *Grindle* v. *Brown,* 321 Mass.
182, 183.

We examine the declaration to determine whether it is
good as against either ground of the demurrer, as both
grounds are open.  *Ratté* v. *Forand,* 299 Mass. 185.  *Hogan*
v. *Hogan,* 320 Mass. 658.

The declaration does not set forth a cause of action for
malicious prosecution.  It fails to allege that the defendants
brought their action to recover possession without probable
cause and with malice, and that the action terminated in
favor of the present plaintiff.  As far as the allegations go,
they do not show that any judgment was entered in the sum-
mary process proceedings.  *Zinn* v. *Rice,* 154 Mass. 1, 4.
*Wilson* v. *Hale,* 178 Mass. 111, 113.  *Bannon* v. *Auger,* 262
Mass. 427, 433, 434.  *Rosenblum* v. *Ginis,* 297 Mass. 493,
497.  *Jacobs* v. *Mann,* 300 Mass. 258, 260.

We do not agree with the plaintiff's contention that the
declaration is ample to permit him to maintain an action for
a wrongful eviction.  The declaration does not set forth
any physical ouster and the plaintiff must rely upon a con-

Gabriel *v.* Borowy.

structive eviction. Even if we assume in his favor that his removal from the tenement as a result of the defendants bringing the action of summary process would constitute such an eviction, [1] yet the legality of the eviction depends solely upon the good or bad faith with which the defendants commenced the action. As that was one of the issues involved in that action and as there is no allegation that that action has been determined in favor of the plaintiff, the plaintiff had no right to commence the present action. One cannot bring an action against a defendant on the basis that the latter has brought a groundless action against him until it has been so decided in the previous action. It was held in *Wilson* v. *Hale*, 178 Mass. 111, that an action for maliciously causing the arrest of the plaintiff in a civil suit which he alleged and proved to be groundless was prematurely brought where the original action had not terminated. It was said at page 113 that "Not only has the plaintiff in the case at bar alleged that the suit was a groundless one, but he cannot tell the story of the wrong of which he complains without disclosing that fact."

The declaration does not allege a cause of action for abuse of process. To constitute a cause of action for this tort it must appear that the process was used to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed. *Wood* v. *Graves*, 144 Mass. 365. *White* v. *Apsley Rubber Co.* 181 Mass. 339. *Malone* v. *Belcher*, 216 Mass. 209. *Reardon* v. *Sadd*, 262 Mass. 345. *MacLean* v. *Naumkeag Trust Co.* 268 Mass. 437. *Lorusso* v. *Bloom*, 321 Mass. 9. The declaration makes no mention of the issuance or use of any process, much less that any wrong was committed in connection with any process. There is no allegation that any process was served on the plaintiff. The gist of the plaintiff's complaint seems to be the wrongful bringing of an action, and not the improper use of process

[1] *International Trust Co.* v. *Schumann*, 158 Mass. 287, 291. *Davis* v. *Schweikert*, 130 Cal. 143. *Eggers* v. *Paustian*, 190 Iowa, 638. *Salzgeber* v. *Mickel*, 37 Ore. 216. Compare *Lanyon Zinc Co.* v. *Burtiss*, 72 Kans. 441; *Grattan* v. *P. J. Tierney Sons, Inc.* 226 App. Div. (N. Y.) 811.

Gabriel *v.* Borowy.

in connection with this action. Nowhere is there any allegation of any abuse of process. A declaration must be a thing of substance and it must do more than merely suggest or hint that the plaintiff might possibly have some cause of action. A pleading is not sufficient simply because somewhere it may contain the germ of a particular cause of action if "that subject is too deeply buried in matter wholly immaterial to it to permit us to hold that a cause of action is stated concisely and with substantial certainty as required by the statute." *Fleming* v. *Dane,* 304 Mass. 46, 52. *Lewis* v. *Russell,* 304 Mass. 41, 44.

We examine the declaration to determine whether it sets out a good cause of action for fraud or deceit. Its allegations are sufficient to show fraud upon the part of the defendants even though the fraud seems to have consisted of conduct rather than words. *Lobdell* v. *Baker,* 1 Met. 193. *Windram* v. *French,* 151 Mass. 547. *Leonard* v. *Springer,* 197 Ill. 532. *Baker* v. *Hallam,* 103 Iowa, 43. *Eastern Trust & Banking Co.* v. *Cunningham,* 103 Maine, 455. *Jones* v. *West Side Buick Co.* 231 Mo. App. 187. *Downey* v. *Finucane,* 205 N. Y. 251, 263. The misrepresentation of one's intention is a misrepresentation of fact. *Commonwealth* v. *Althause,* 207 Mass. 32, 48. *Ciarlo* v. *Ciarlo,* 244 Mass. 453, 455–456. *Feldman* v. *Witmark,* 254 Mass. 480, 481. *Dubois* v. *Atlantic Corp.* 322 Mass. 512, 520. But the fraud was not actionable unless the plaintiff believed the defendants' representation that they desired possession of his tenement for their own use and, relying upon the representation, was thereby induced to vacate the tenement. Reliance of the plaintiff is the connecting link between the defendants' fraud and the plaintiff's damage. It is at this point that the declaration fails. There is no allegation that the plaintiff believed that the representation of the defendants was true or that he relied upon it as true. He at some time discovered the falsity of the representation, but it does not appear that this was not before he moved from the premises. As far as the allegations go, he may have seasonably known of the fraud and, instead of appearing and contesting the action of

summary process, decided to move. The allegation that by reason of the defendants' conduct it became incumbent upon him to move was not admitted by the demurrer, as it is a mere conclusion not supported by any facts alleged and is not a necessary inference from anything alleged. In so far as fraud and deceit are concerned, the declaration is lacking in essential allegations and sets out no cause of action on this ground. *Butler* v. *Martin*, 247 Mass. 169, 173. *Wiley* v. *Simons*, 259 Mass. 159, 161. *Des Brisay* v. *Foss*, 264 Mass. 102. *Brockton Olympia Realty Co.* v. *Lee*, 266 Mass. 550. *Shikes* v. *Gabelnick*, 273 Mass. 201, 204.

The plaintiff wife cannot maintain the second count which is the only count brought by her and in which she seeks damages on account of the defendants' action. She was not a tenant of the defendants and she has no cause of action against them. *Mescall* v. *Somerset Savings Bank,* 305 Mass. 575, 580.

*Exceptions overruled.*
*Judgment for the defendants.*