## O'Keefe et ux. v. O'Keefe et ux.

*James N. Robertson*, for plaintiffs.
*Albert Blumberg*, for defendants.

TOAL, J., April 3, 1950.—This matter comes before the court on defendants' preliminary objections to plaintiffs' complaint in trespass. It has been argued before the court en banc with written briefs filed by both sides and is now ready for a decision.

The complaint avers that on or about February 24, 1949, plaintiffs resided at 1300 Edgehill Road, Darby, Delaware County, Pa., "as tenants of the defendants herein who were the record title owners of the said property"; that on or about that date plaintiffs received a letter from Edward J. MacGrath, attorney, requiring possession of the property from plaintiffs for defendants on the ground that defendants desired the premises "for the immediate and personal use and occupancy as housing accommodations for themselves and family"; that on or about June 6, 1949, an action in ejectment was instituted by defendants against plaintiffs as of June term, 1949, no. 11, in the Court of Common Pleas of Delaware County, and that "in an attempt to prevent further litigation, plaintiffs vacated the aforesaid 1300 Edgehill Road, on June 6, 1949; that defendants failed to comply with Section 825.6 (h) of the Controlled Housing Regulation in that they failed to obtain an eviction certificate, and further, that defendants placed the property on the market for

sale and did not make use of it for their personal use and occupancy". Plaintiffs aver that the actions of defendants were illegal and demand damages.

Defendants filed preliminary objections to the complaint as follows:

"1. The facts alleged in the Complaint do not set forth a legal cause of action against the Defendants. 2. The Complaint fails to set forth any facts to support the legal conclusion that Plaintiffs were tenants of Defendants, as alleged in said Complaint. 3. The Complaint fails to allege any contract or agreement of lease, oral or written, by and between the parties. 4. The Complaint fails to set forth any facts tending to establish that the property in question was subject to control pursuant to the provisions of the Rent Control Law of 1949. 5. The Complaint fails to set forth any facts tending to establish that the property in question was subject to control pursuant to the provisions of the Controlled Housing Regulation relating to the obtaining of eviction certificates. 6. The Complaint fails to allege that the Defendants did not intend to make use of the said property 'for the immediate and personal use and occupancy as housing accommodations for themselves and family'. 7. The Complaint discloses upon its face that the Plaintiffs moved from the premises voluntarily and were not evicted nor ejected by either force or legal process. 8. The Complaint fails to set forth any facts tending to establish any illegal or wrongful acts or conduct on the part of the Defendants. 9. The Complaint fails to set forth any legal injury or damages sustained by the Plaintiffs."

There are two principal questions to be determined in this case as follows: (1) In an action of trespass to recover damages resulting from an alleged violation of the Federal Housing and Rent Act, June 30, 1947, 61 Stat. at L. 193, must not the complaint disclose upon

its face that the real estate involved was "controlled housing accommodations" within the meaning of the act? (2) In an action to recover damages resulting from an alleged violation of the Federal Housing and Rent Act must not the complaint contain averments sufficient to sustain a common law tort?

The first question pertains directly to defendants' preliminary objections nos. 2, 3, 4 and 5 and the second question deals directly with defendants' preliminary objections nos. 1, 6, 7, 8 and 9.

Examination of the complaint discloses that no facts are pleaded therein to support the legal conclusion that plaintiffs "resided at 1300 Edgehill Road . . . as tenants of defendants . . ." The complaint fails to allege any contract or agreement of lease, oral or written between the parties and does not disclose that there was any rental arrangement other than an inference attempted to be drawn from exhibit A attached to the complaint which purports to be a copy of a written notice to vacate the premises addressed to one of the plaintiffs, namely Joseph A. O'Keefe, and which makes reference to him "as a tenant". This notice to vacate purports to have been written by an attorney for defendants.

It is fundamental that plaintiffs have the duty to plead and later the burden of proving the existence of the relationship of landlord and tenant between the owner and the persons occupying the premises involved, at the time of the alleged violation: Toobert v. Woods, Housing Expediter, 174 F. (2d) 861 (1949). The pleading cannot be done by inference.

The Housing and Rent Act, 50 U. S. C. App. §1881 et seq., applies only to "housing accommodations". This is a statutory term and means a building or portion thereof "rented or offered for rent for living or dwelling purposes". (See section 202(b).) Since the enactment of emergency rent legislation is an exercise

by Congress of police power in derogation of the common-law rights of the owner of property, it must be strictly construed: Prince v. Davis, 87 N. Y. S. (2d) 600, 605 (1949). It follows, therefore, that unless the complaint sets forth the rental arrangements, it fails to establish that the premises are "housing accommodations" within the purview of the act of Congress. The complaint must also go further and show on its face, without the necessity to resort to inference, that the property is "controlled housing accommodations": Prince v. Davis, supra.

The Supreme Judicial Court of Massachusetts in the case of Sher v. Perlman, 324 Mass. 390, 86 N. E. (2d) 902 (1949) held that the declaration was demurrable for failure to aver that the premises were "controlled housing accommodations". In the case at bar the complaint does not contain such an averment, neither does it cite facts from which a proper inference could be made that the premises are "controlled housing accommodations". This court is compelled to sustain defendants' preliminary objections nos. 2, 3, 4 and 5 with leave to amend granted plaintiffs to cure the above-cited defects if they are able to properly plead this feature of the case.

We now consider the other phase of the case, namely, does the complaint on its face, show sufficient averred facts, which if true, would establish a common-law tort resulting in damage to plaintiffs? The complaint must state a cause of action for wrongful eviction. The act of Congress does not provide any civil remedy for a tenant who has been wrongfully dispossessed: Gabriel v. Borowy, 324 Mass. 231, 233, 85 N. E. (2d) 435, 437 (1949). Where a statutory right is conferred upon a class of persons as distinguished from the public at large but no remedy is provided by the statute for the enforcement of the right, such right may only be as-

serted in an appropriate common-law remedy which is available: Gabriel v. Borowy, supra, 234.

The complaint filed in this case does not set forth facts sufficient in law to sustain any recognized action in trespass. If the action intended is for malicious prosecution, then the pleading falls because nowhere is it averred that defendants brought their action to recover possession without probable cause and with malice; nor does it aver that the ejectment action terminated in favor of present plaintiffs: Gabriel v. Borowy, supra, at page 235. The complaint shows on its face that present plaintiffs did not defend the ejectment action but voluntarily removed from the premises. They now seek collaterally to raise issues which might have been properly raised in a defense to the suit in ejectment. The good faith of the landlord could have been tested in the ejectment proceedings: Woods, Housing Expediter v. O'Brien, 78 F. Supp. 221, 222 (1948).

The Supreme Judicial Court of Massachusetts stated in Gabriel v. Borowy, supra, at 235:

"We do not agree with the plaintiff's contention that the declaration is ample to permit him to maintain an action for a wrongful eviction. The declaration does not set forth any physical ouster and the plaintiff must rely upon a constructive eviction. Even if we assume in his favor that his removal from the tenement as a result of the defendants bringing the action of summary process would constitute such an eviction, yet the legality of the eviction depends solely upon the good or bad faith with which the defendants commenced the action. As that was one of the issues involved in that action and as there is no allegation that that action has been determined in favor of the plaintiff, the plaintiff had no right to commence the present action. . . ."

If plaintiffs are not proceeding for malicious prosecution then they must be attempting to show fraud and

deceit on the part of defendants which resulted in damage to them.

We have examined the complaint to determine if it shows on its face enough facts to sustain a common-law action for fraud and deceit. We are convinced that it does not do so. There is no averment in the complaint that defendants acted with fraud and deceit and that the misrepresentation, if any, was intended to deceive plaintiffs, and that plaintiffs believed the representation of defendants and were induced to give up the possession of the premises by reliance thereon. The pleading shows on its face that plaintiffs vacated the premises "in an attempt to prevent further litigation". They do not aver that they were deceived into vacating the premises in reliance upon any representations of the owners.

Further, an action for abuse of process is not made out because the complaint does not aver that the process used in the ejectment action was used to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed: Gabriel v. Borowy, supra, at page 236.

Plaintiffs cite two lower court decisions in Pennsylvania which seem to hold contradictory opinions. In the one the court, Smith, P. J., in the case of Cohen et ux. v. Seidman et ux., 63 D. & C. 271, dismissed preliminary objections to the complaint. Examination of the facts as set forth in the court's opinion shows that there was an averment in the complaint as follows: "that the representation made by defendants to the Office of Price Administration was false and fraudulent in that defendants did not require the apartment and in fact said defendants had no intention of occupying said premises despite representations to the contrary". Further, the complaint shows that plaintiffs were ordered to vacate the premises after judgment for

possession was rendered against them by a magistrate's court and as a result of the action of defendants, plaintiffs vacated the premises. In the other case, Goldberg et ux. v. Shulberg et ux., 62 D. & C. 294, Kun, J., sustained the preliminary objections to the complaint on the ground that where new rights and obligations are created by statute which did not exist theretofore, the only remedies available are those which the statute grants, and the remedy asserted must be found in the statute. As the Federal Housing and Rent Act does not provide for a remedy to compensate for an unlawful eviction under its terms, the defense should have been raised in the eviction proceedings. We feel, however, that a tenant who has been dispossessed fraudulently by a landlord can still assert a remedy under the common law provided he properly pleads his case and sustains the averments of the pleadings by competent proof thereafter.

In the case at bar we are of the opinion plaintiffs have not pleaded their case properly and that the preliminary objections nos. 1, 6, 7, 8 and 9 must be sustained.