*Western District*

**HARRY SILVERMAN**

**AND**

**EVELYN SILVERMAN**

v.

**CITY OF SPRINGFIELD**

**AND**

**ROBERT J. MORAN, ET ALS**

Commissioners

Argued: June 30, 1964—Decided: November 9, 1964

*Present*: Garvey, P. J., Moore, Levine & Allen, JJ.

Case tried to *Sloan, J.* in the District Court of Springfield. No. 166973.

*Moore, J.* This is an action of tort with an ad damnum of $10,000. as set forth in the plaintiff's writ. The plaintiff's declaration was in four counts as follows:

"Count I. (EVELYN SILVERMAN v. CITY OF SPRINGFIELD)

The plaintiff Evelyn Silverman says that on or about April 30, 1960 she was a patron for a good and valuable consideration of the garage parking facilities owned, operated and maintained by the defendant City of Springfield or its agents, servants or employees located at 21-29 and 31-39 Hillman Street, Springfield, Hampden County, Massachusetts; that the defendant City of Springfield was obliged by law to keep said parking facilities in a reasonably safe condition; that nevertheless said defendant City of Springfield by its agents, servants or employees, failed and neglected to keep said garage parking facilities in a reasonably safe condition, allowing them to become and remain

in a defective and dangerous condition; that said dangerous and defective condition existed for a long period of time, that as a result and by reason of said dangerous and defective condition, and while she was in the exercise of due care, the plaintiff Evelyn Silverman was caused to fall to the ground receiving severe and painful injuries, and suffered great pain of body and anguish of mind to her great damage as alleged in her writ.

And the plaintiff Evelyn Silverman further says that due notice of the time, place and cause of the injuries was given seasonably to the defendant City of Springfield."

"Count II. (EVELYN SILVERMAN v. ROBERT J. MORAN, SPIROS G. MANOLAKIS, JOHN A. DiCARLO AND JAMES J. FOLEY, Commissioners of THE SPRINGFIELD OFF-STREET PARKING COMMISSION, a commission established pursuant to the laws of the Commanwealth of Massachusetts)

The plaintiff Evelyn Silverman says that on or about April 30, 1960 she was a patron for a good and valuable consideration of the garage parking facilities operated and maintained by the defendants Robert J. Moran, Spiros G. Manolakis, John A. DiCarlo and James J. Foley, Commissioners of the Springfield Off-Street Parking Commission, a commission established pursuant to the laws of the Commonwealth of Massachusetts located at 21-29 and 31-39 Hillman Street, Springfield, Hampden County, Massachusetts; that

the defendants Robert J. Moran and Spiros G. Manolakis, John A. DiCarlo and James J. Foley, were obliged by law to keep said parking facilities in a reasonably safe condition; that nevertheless said defendants failed and neglected to keep said garage parking facilities in a reasonably safe condition, allowing them to become and remain in a defective and dangerous condition; that said dangerous and defective condition existed for a long period of time; that as a result and by reason of said dangerous and defective condition, and while she was in the exercise of due care, the plaintiff Evelyn Silverman was caused to fall to the ground receiving severe and painful injuries, and suffered great pain of body and anguish of mind all to her great damage as alleged in her writ."

"Count III. (HARRY SILVERMAN v. CITY OF SPRINGFIELD)

The plaintiff Harry Silverman repeats and realleges each and all of the allegations contained in COUNT I of this Declaration with like effect as if herein fully repeated, and said plaintiff Harry Silverman further says that as the lawfully wedded husband of said plaintiff Evelyn Silverman, he was compelled to expend or become liable in the substantial amounts of money for medical expenses in an effort to cure his wife of the injuries sustained by her as a result of the defendant City of Springfield's neglect as set forth in COUNT I of this Declaration, and that as a further consequence of said injuries, the

plaintiff Harry Silverman has been deprived of the services, society and consortium of the plaintiff Evelyn Silverman, to which he has been entitled; and the plaintiff Harry Silverman has therefore suffered great damage as in his writ alleged."

"Count IV. (HARRY SILVERMAN v. ROBERT J. MORAN, SPIROS G. MANOLAKIS, JOHN A. DiCARLO AND JAMES J. FOLEY, Commissioners of THE SPRINGFIELD OFF-STREET PARKING COMMISSION, a commission established pursuant to the laws of the Commonwealth of Massachusetts)

The plaintiff Harry Silverman repeats and realleges each and all of the allegations contained in COUNT II of the Declaration with like effect as if herein fully repeated, and said plaintiff Harry Silverman further says that as the lawfully wedded husband of said plaintiff Evelyn Silverman, he was compelled to expend or become liable in substantial amounts of money for medical expenses in an effort to cure his wife of the injuries sustained by her as a result of the defendants Robert J. Moran, Spiros G. Manolakis, John DiCarlo and James J. Foley's neglect as set forth in COUNT II of this Declaration, and that as a further consequence of said injuries, the plaintiff Harry Silverman has been deprived of the services, society and consortium of the plaintiff Evelyn Silverman, to which he has been entitled, and the plaintiff Harry Silverman

has therefore suffered great damage as in his writ alleged."

The defendant city filed demurrers to Counts I and III on the ground that said counts

"fail to set forth a cause of action against the defendant City of Springfield recognized by law".

The city also moved to dismiss the action on the ground that

"the ad damnum of the writ is in the amount of $10,000".

The report is conflicting whether the defendant city filed a plea of abatement. However, inspection of the docket entries does not show such a filing and furthermore the report does not show that the city was aggrieved by any ruling on a plea in abatement so that we do not consider any matter involving a plea of abatement as concerns the city.

The defendants, Commissioners of the Springfield Off-Street Parking Commission, four in number, filed a demurrer to count II and IV of the plaintiffs' declaration on the ground that

"the declaration fails to allege a cause of action recognized at law".

The commissioners also filed a plea in abatement which was overruled by the trial judge.

The report and the record shows that all the defendants filed, in addition to the dilatory pleas above mentioned, answers to the merits, reserving their rights on the other pleadings.

The amplified report of the trial judge states that no evidence was introduced at the hearings on the various motions and pleas except Chapter 486 of the Acts of 1955 of the Massachusetts General Court which authorized the establishment of off-street parking in the City of Springfield.

After the hearings on the motion and pleas the judge sustained without right to amend the two demurrers, one in reference to the counts against the defendant city and the other in reference to counts against the commissioners. He also allowed the motion to dismiss of the defendant city.

The question before us is whether there was prejudicial error by the trial judge in his handling of the respective pleas and motions. In reference to the demurrers it should be noted that G. L. c. 231, §16 states that a demurrer shall assign specifically the cause of demurrer. In this case the cause set forth is that the declaration does not set forth a cause of action recognized by law. We feel otherwise.

The fact that the defendants may have a defense, which we do not here decide, to the action against both plaintiffs by virtue of section 12 of Chapter 486 of the Acts of 1955 does not mean that the declaration does not set forth a cause of action recognized by law. There are relevant facts to be heard in this case which may determine whether there is liability on the part of the defendants

but these cannot be resolved simply by a hearing on the demurrers.

A demurrer based on the ground that a declaration does not set forth any cause of action only raises the question whether the declaration states, even imperfectly, any kind of a cause of action. *Gabriel v. Borowy,* 324 Mass. 231, 235.

The plaintiffs also claim to be aggrieved by the allowance of the motion to dismiss of the City of Springfield on the grounds that the ad damnum of the writ was $10,000. which amount is in excess of the statutory limit of $4000. the amount allowed by Chapter 84 Sec. 15 of the General Laws for recovery against a city for defective ways.

We do not feel that the allowance of the motion to dismiss was based on any sound ground. As argued by the plaintiffs in their brief the limitation applied only to the amount of the recovery. In fact if there was a recovery in excess of the limit it could be cured by a remittitur. *Hemmenway v. Hicks,* 4 Pick. 497.

We feel that there was prejudicial error in the trial judge's sustaining of the several demurrers and in the allowance of the motion to dismiss.

The order should be TRIAL ON THE MERITS.

David Burres, of Springfield, for the Plaintiffs.
William G. White, John J. O'Connor and James L. Allen, of Springfield, for the Defendants.