Zoll, J.

Patrick AHEARN
vs.
James Henry WALSH

District Court Department
Appellate Division, Southern District
Trial Court of the
Commonwealth of Massachusetts

May 1, 1980

Edward Meyers for the plaintiff.
Francis X. Coppinger for the defendant.

Present: Lee, P.J., Rider & Welsh, JJ.

**RIDER, J.** This is an action in tort for malicious prosecution (count one) and abuse of process (count two) in which the plaintiff seeks to recover for the defendant's false and malicious seeking of two criminal complaints in the South Boston Division.

The answer is a general denial with allegations of lack of malice, lack of knowledge and justification for seeking the complaints by way of counterclaim.

The court found for the defendant Walsh in the case in chief, and for Ahearn in counterclaim.

At the trial there was evidence tending to show: The plaintiff was engaged at all times material hereto in the business of building and selling boats. In June, 1975 the defendant gave the plaintiff checks totaling $1,500.00, and the plaintiff undertook to build a boat for the defendant. In December, 1975 the defendant demanded the return of his money because of non-delivery of the boat.

On or about March 19, 1976, a clerk's hearing was held. Both parties were present, and testimony was taken. At the close of the hearing the clerk deferred issuance of a complaint for thirty days in anticipation of full payment. On or about April 21, 1976, upon representation by the complainant in the criminal action that the plaintiff in the instant case did not make payment, a complaint issued. On April 29, 1976 the plaintiff in the instant action, defendant in the criminal action, was found not guilty by a justice of the South Boston Division. Subsequent to April 21, 1976 and prior to April 29, 1976, a check in full payment was dated and proferred to the complainant in the criminal action, defendant in the instant action, and receipt of the check was accepted.

At the close of the trial and before the final arguments the plaintiff made the following request for rulings:

"1. On all the evidence plaintiff should recover on Count One.
    Allowed as to a finding's being warranted. Denied as to a finding being required. See findings of fact below.

"2. On all the evidence plaintiff should recover on Count Two.
    Allowed as to finding's being warranted. Denied as to a finding being required. See findings of fact below.

"3. If the Court finds as a matter of fact that the defendant falsely represented to the Clerk of the South Boston District Court that the plaintiff gave to the defendant a check drawn upon insufficient funds or a check otherwise invalid and contrary to law, the plaintiff must recover.
    Allowed as a statement of law. I find as a fact that there was no such false or malicious representation. See finding below.

"4. If the Court finds as a matter of fact that defendant caused application for a criminal complaint against the plaintiff without probable cause to issue, the defendant is liable to the plaintiff in damages.
    Allowed as a statement of law. I find as a fact plaintiff [sic] did not

cause the complaint to issue.

"5. Any use of the criminal process by the defendant or anyone else for the purpose of collecting a private civil debt is contrary to law and imposes civil liability upon the defendant or anyone else who so uses the criminal process.

Allowed as a statement of law. I find as a statement of fact from all the evidence presented that the defendant did not so use the process for the purpose stated."

The court found the following facts based upon plaintiff's requests for findings of fact:

"1. The defendant caused an application for issuance of a criminal complaint to be filed with the Municipal Court of the South Boston District.

Allowed.

"2. The plaintiff at no time issued a check to the defendant.

Allowed.

"3. The criminal complaint application filed by the defendant was directed to the plaintiff.

Allowed.

"4. The plaintiff at no time committed any crime of which the defendant was a victim.

Allowed. However at the complaint procedure I find as a fact that at the time the complaint was sought the defendant had probable cause to believe the plaintiff had committed a criminal offense of which the defendant was victim.

"5. The defendant caused the plaintiff to appear as a criminal defendant before the South Boston District Court.

Allowed.

"6. Any complaint, cause of action or other legal problem concerning the plaintiff and defendant in this action is and was purely civil in nature.

Allowed as a statement of ultimate fact. However, from all the evidence presented I find that the defendant had reasonable grounds to believe that the plaintiff had committed a criminal offense of which the defendant was victim and I further find that the Clerk of the Municipal Court of South Boston, convinced of the reasonableness of defendant's belief, in his official capacity ordered a criminal complaint to issue against the plaintiff.

"7. At no time in connection with the events, writings, actions, conversations and other dealings between plaintiff and defendant in this action was any crime committed by the plaintiff.

Allowed as a statement of ultimate fact and law. However regarding defendant's state of mind see #6 above.

"8. The criminal case against plaintiff was legally and finally terminated in plaintiff's favor.

Allowed."

The report includes a statement that it contains all the evidence material to the question reported.

The plaintiff claims to be aggrieved by the court's rulings on his requests for rulings numbered 1, 2, 3, 4 and 5, and by the conclusions of law set forth in the court's findings of fact numbered 4, 6 and 7.

We summarize the facts as reported and as found by the trial judge. The defendant caused applications for the issuance of two criminal complaints, or more precisely, the issuance of process, against plaintiff Ahearn to be filed in the South Boston Division. The report does not state the nature of the complaints on which the issuance of process was sought. The plaintiff at no time prior thereto issued a check to the defendant. After the applications were filed, a clerk's hearing was held at which both parties were present and testimony was taken.

Plaintiff Ahearn or his attorney had the opportunity "to state relevant circumstances which might be thought to bear on the propriety of the issuance of process." Commonwealth v. Riley, 333 Mass. 414, 416 (1956). After the hearing, the clerk deferred issuance of process for

thirty days, anticipating that the basis for the applications might be removed during that period. Since that did not occur, the clerk issued process against the plaintiff on one complaint, thereby indicating that the evidence warranted a finding of probable cause to believe that the plaintiff had committed the offense charged. G.L. c. 276, s. 42; Corey v. Commonwealth, 364 Mass. 137, 141 (1973); Myers v. Commonwealth, 363 Mass. 843, 847 (1973).

Process was issued by the clerk on April 21, 1976. Again, the report is silent as to the nature of the complaint upon which process was issued against Ahearn. Between April 21 and April 29, 1976, Ahearn gave a check to Walsh which was received in accord and satisfaction. The report does not describe the proceedings in court on April 29, 1976 at which Ahearn was found not guilty.[1]

There was no error.

1. The trial judge properly denied plaintiff's requests for rulings numbers 1 and 2. To have allowed these requests would have required the judge to find in the plaintiff's favor as a matter of law. Perry v. Hanover, 314 Mass. 167, 169-170 (1943), Memishian v. Phipps, 311 Mass. 521, 524 (1942). Obviously, the necessary proof under each count was largely adduced through oral testimony. A request for a required finding based on oral evidence can rarely be given in favor of the party having the burden of proof, Catalucci v. Massachusetts Bay Trans. Auth., 351 Mass. 360, 362 (1966); Hoffman v. Chelsea, 315 Mass. 54, 56 (1943); O'Brien v. Harvard Restaurant & Liquor Co., 310 Mass. 491, 493 (1941), even if the oral testimony in favor of the requesting party is uncontradicted. Ryder v. Garden Estates, Inc., 329 Mass. 10, 13 (1952).

2. Plaintiff's requests for rulings numbers 3 and 4 relate to his asserted cause of action for malicious prosecution. Although the judge's specific findings of fact rendered these requests inapplicable, the judge did allow the requests as statements of law. There was no error. Each request

was based on a specific factual situation to be found by the judge. In each instance the court specifically found the facts to be contrary to those upon which the requests were based.

To recover under count one of his complaint, the plaintiff had the burden of proving that the defendant, maliciously and without probable cause, instituted or instigated a prosecution against him, which terminated in plaintiff's favor, and that the plaintiff thereby suffered damage. R. Bishop, Prima Facie Case s. 1091 (17A Mass. Practice Series [1970]) ).

In an action for malicious prosecution, what is decisive is whether the defendant acted reasonably in swearing out a complaint against the plaintiff on the basis of information and knowledge which the defendant possessed at that time. Whether or not the defendant acted reasonably depends upon all the facts of the case. The plaintiff has the burden of proof of want of probable cause, which must be affirmatively alleged and proved and may not be inferred. Lincoln v. Shea, 361 Mass. 1, 4-5 (1972); Gabriel v. Borowy, 324 Mass. 231, 235 (1949); Keefe v. Johnson, 304 Mass. 572, 577 (1939).

The court allowed plaintiff's requests for rulings numbers 3 and 4 as statements of law, but found facts contrary to those upon which the requests were based. In addition to the findings of fact made by the judge with respect to requests numbers 3 and 4 respectively, he also made the following findings of fact:

"However, from all the evidence presented I find that the defendant had reasonable grounds to believe that the plaintiff had committed a criminal offense of which the defendant was victim and I further find that the Clerk of the Municipal Court of South Boston, convinced of the reasonableness of defendant's belief, in

[1] In oral argument, Walsh's attorney stated that April 29, 1976 was the date for the arraignment of Ahearn; that Walsh was not notified to appear and did not; that the judge was informed of the payment by Ahearn to Walsh and thereupon found Ahearn not guilty.

his official capacity ordered a criminal complaint to issue against the plaintiff."

The court also found that "at the time the complaint was sought the defendant had probable cause to believe the plaintiff had committed a criminal offense of which the defendant was victim." This is, in essence, a factual finding that the defendant had probable cause to seek the issuance of process against the plaintiff.

Findings of fact must stand if permissible upon any reasonable view of the evidence or unless plainly wrong. We cannot say that the judge's view of the evidence was unreasonable or that the findings were plainly wrong on the record before us. Zaleski v. Zaleski, 330 Mass. 132, 134 (1953); Kennedy Bros. Inc. v. Bird, 287 Mass. 477, 484 (1934); Moss v. Old Colony Trust Co., 246 Mass. 139, 143 (1923).

3. The action for abuse of process, count two, required the plaintiff to prove that the defendant used lawful process "to accomplish some ulterior purpose for which it was not designed or intended or which was not the legitimate purpose of the particular process employed." Jones v. Brockton Public Markets, Inc., 369 Mass. 387, 389 (1975). See also Altenhaus v. Louison, 342 Mass. 773 (1961); Gabriel v. Borowy, supra at 236. Proof of damage is also required, and it appears that the absence of malice is a defense. Shaw v. Fulton, 266 Mass. 189, 191 (1929), and cases cited.

The trial judge allowed plaintiff's request for ruling number 5 as a statement of law but added, "I find as a statement of fact from all the evidence presented that the defendant did not so use the [criminal] process for the purpose stated." We cannot say that "no conscientious judge, acting intelligently, could honestly have taken the view expressed" by the judge. Palma v. Racz, 302 Mass. 249, 251 (1939).

4. The eight findings of fact made by the judge at the request of the plaintiff raise no appealable issues. A claim of report and a report do not lie with respect to findings of fact. "A party may claim a report to the Appellate Division only with respect to a ruling of law and not to a finding of fact." Butler v. Cromartie, 339 Mass. 4, 6 (1959). See also, T.L. Edwards, Inc. v. Fields, 371 Mass. 895, 896 (1976); Huikari v. Eastman, 362 Mass. 867 (1972).

The report should be dismissed.

So ordered.
Rider, J.