THOMAS TARPY v. CHARLES T. BLUME, Appellant.

**Landlord and Tenant:** EVICTION. Actual force is not essential to a
1  wrongful eviction of a tenant by his landlord, but such eviction may be effected by the serving of a notice to quit within a specified time prior to the expiration of the period for which the tenant is entitled to possession, the moving of property into the buildings without the tenant's consent, and the latter's leaving ·the premises in consequence thereof.

**Objection Below.** Defendant cannot complain, on appeal, that the trial
2  court assessed damages on an erroneous theory, on which evidence was admitted without objection.

*Appeal from Crawford District Court.*—HON. Z. A. CHURCH, Judge.

THURSDAY, APRIL 8, 1897.

ACTION at law to· recover damages for an alleged wrongful eviction of plaintiff by the defendant from the possession of a certain farm which plaintiff had leased from the defendant; also to recover for plowing done on said farm. Defendant answered, denying

that he wrongfully evicted plaintiff, denying the allegations of damage, and alleging that the plowing was done in lieu of plowing that had been done before plaintiff took possession. Defendant, by way of counterclaim, asks to recover for damages alleged to have been done and permitted to the leased premises by the plaintiff, and for wood used by plaintiff. The case was tried to the court, and judgment rendered for plaintiff. Defendant appeals.—*Affirmed.*

*D. L. Boynton* and *J. P. Conner* for appellant.

*P. E. C. Lally* for appellee.

GIVEN, J.—On November 11, 1893, these parties entered into a written lease, whereby defendant leased to plaintiff a certain farm for one year from March 1, 1894, with a provision "that it shall run for two years if the parties shall agree." Plaintiff alleges that in August, 1894, it was agreed that he should keep the premises for the year 1895. On January 29, 1895, defendant caused a notice to quit, in the usual form, to be served on the plaintiff, notifying him to do so within thirty days after service of said notice, and that, if he failed to do so, "I shall take the necessary legal steps to obtain possession of said premises." Plaintiff left the farm on March 2, 1895, prior to which defendant had moved grain and other articles into the barn and other outbuildings, against plaintiff's protest. The court below found that the parties had agreed to extend the lease for a second year,—a finding that is warranted by the evidence. The court found that defendant unlawfully evicted the plaintiff. It is argued that, as no force was used, there was no eviction; that the service of the notice was not of itself an eviction. The purpose of the law in providing for the service of such notices is

to prevent the use of force. The law does not encourage violence by holding that in the face of such a notice the tenant must remain until he is ousted by force before he can claim to have been unlawfully evicted. This case is unlike *Wright v. Everett*, 87 Iowa, 697 (55 N. W. Rep. 4), cited by appellant. In that case the lease was terminated because of the failure and inability of the tenant to comply with the lease, and a notice to quit served. In this there was no such failure or inability, and, as we have seen, the lease had not expired. In that, the landlord entered without objection, while, in this, it was against the protest of the plaintiff.

II.   The court found that plaintiff sustained damages by the wrongful eviction in the sum of one hundred and fifty dollars " by way of extra rent paid," and fifteen dollars "in being compelled to pay hired help to move." Appellant contends, upon the authority of *Wright v. Everett, supra,* that the measure of damages in such cases is what the farm was worth to the tenant after paying the rent, or, in other words, the value of the lease over the rent to be paid. Ordinarily, that rule would fully compensate the tenant, but special circumstances, such as the difficulty of securing a farm to rent at the time of the eviction, may exist that require a different measure of compensation. It is sufficient to say of this case that the evidence was taken upon the basis upon which the court acted without the objection now urged, and appellant should not be heard to question the rule thus acted upon in this court for the first time.

III.   There is no dispute but that the plaintiff did the amount of fall plowing claimed, and that it was worth the amount allowed. The evidence does not sustain defendant's claim that it was in lieu of fall plowing done before plaintiff took possession. There is no such provision in the lease, and not

sufficient evidence to show such an agreement. The court found "that the allegations of defendant's counterclaim are not sustained by the evidence," and this finding, we think, is fully warranted.

IV. Appellant complains of a number of rulings made in taking the testimony. We will not notice them in detail, but say that we have examined them, and find that there was no error in any of the rulings upon the grounds upon which the objections were made. Other objections are urged in this court, but these we may not consider, especially as we are satisfied that the rulings complained of were without prejudice to the defendant. Our conclusion is that the judgment of the district court should be AFFIRMED.