*James M.* and *Walter F. Brown,* for plaintiff.
*Roy Spencer,* for defendant.

---

## ORDER TO VACATE LEASED PREMISES NOT AN EVICTION.

[Circuit Court of Cuyahoga County.]

SAMUEL GREENBERG v. TIMOTHY MURPHY.

Decided, June 20, 1904.

*Landlord and Tenant—Notice to Vacate on Pain of Eviction—Not an Eviction, Where the Lease Has Not Expired.*

Before the expiration of the term under a lease, a landlord served upon his tenant a notice in writing to vacate the demised premises within three days, or legal measures would be taken to obtain possession, and the tenant thereupon moved out without protest—*Held:* No eviction.

WINCH, J.; HALE, J., and MARVIN, J., concur.

Error to the court of common pleas.

The error complained of in this case is the action of the trial court in sustaining a general demurrer to the amended petition. Said amended petition reads as follows:

"Now comes the plaintiff and by leave of the court first had and obtained, files this, his amended petition herein, and for his cause of action says that prior to and upon the first day of September, 1903, and while the said plaintiff was a tenant of the said defendant and was occupying the premises herein-after mentioned and described, the said defendant, for a valu-able consideration, agreed to and with the said plaintiff that he would further lease and let to the said plaintiff the said premises then being occupied by plaintiff, and which premises have been so occupied by the plaintiff for two years prior thereto, for a further term of one year after the expiration of the then term under which the plaintiff was then occupying the said premises, to-wit, No. 2336 Broadway, in the city of Cleveland, Ohio.   That in pursuance, and as a result of such promise and agreement so made by said defendant with said plaintiff as aforesaid, the plaintiff relying thereon that he would have the said premises above described for another year, in-curred expenses by way of repairs upon the said property, such as plumbing, paper hanging, etc., to the extent and cost of two hundred ($200) dollars.

"The plaintiff further says that upon the first day of Sep-tember, 1903, the said defendant, in pursuance of the contract and agreement and promises so made as aforesaid, entered into a written lease or agreement to make a lease to the plaintiff for the occupancy of said property above described, and was to receive from the said plaintiff as rental for the said property the sum of four hundred and forty-four ($444) dollars per year, which sum of $444 was to be paid in installments of $37 per month in advance, and an additional sum of $1 per month for water rent.

"That the plaintiff performed all of the obligations on his part to be performed, but that the defendant, disregarding his obligations and agreements so made as aforesaid, did, upon and about September 10, 1903, cut certain water pipes then con-nected with a certain watering-trough in front of plaintiff's place of business, which had been erected and constructed by plaintiff, and was being used in connection with the carrying on and transaction of the plaintiff's business, thus causing a great inconvenience to plaintiff's customers and damage to said plaintiff.

"The defendant further says upon the 28th day of Sep-tember, 1903, defendant notified this plaintiff in writing that the plaintiff's tenancy of the premises above described and known as 2336 Broadway, must and would cease on September 30, 1903, at which time the said defendant would take posses-

sion of the said premises, and further served an additional notice in writing upon plaintiff to vacate the said building and lot of land within three days, or legal measures would be taken by said defendant to obtain possession thereof.

"Wherefore said plaintiff immediately, or as soon thereafter as was possible, secured another place and vacated the said premises in accordance with the said notices. Plaintiff was compelled to pay additional rent for a place in which to continue and carry on his business, and by reason of the action on the part of said defendant in so refusing to carry out and perform his part of said agreement and to execute said lease as aforesaid and allow said plaintiff to remain in peaceable possession of the said premises as theretofore agreed upon, said plaintiff was damaged to the extent of $1,500.

"Wherefore, the plaintiff prays judgment against defendant for damage so sustained by him in the sum of fiften hundred dollars ($1,500)."

It will be noticed that this pleading does not definitely state when the original two years' lease ended and when the new term was to begin, but we take it that the old lease ended August 31, 1903, and that plaintiff was in possession on September 10 when the water pipes were cut and thereafter and until he moved out, under what he claims was a new "written lease or agreement to make a lease."

No copy of this writing is attached to the pleading and as to the premises demised, all we know is that they were No. 2336 Broadway, in the city of Cleveland.

Whether the water pipes connected with a certain watering trough in front of plaintiff's place of business which defendant cut were appurtenant to said premises and whether defendant violated any of the covenants of said alleged lease by cutting them we are unable to say.

The only other wrongful act of the defendant complained of is that he notified the plaintiff that the tenancy must cease and served three days' written notice to quit, or legal measures would be taken to obtain possession of the premises.

If this conduct of the defendant amounted to an eviction, the amended petition states a good cause of action; if not, the demurrer was properly sustained, for if the plaintiff voluntarily

complied with the defendant's request and moved out without protest, he has no ground of complaint.

McAdam, in his work on Landlord and Tenant, gives the rules as to eviction as follows:

"The test as to eviction is whether the tenant has been deprived of the beneficial enjoyment of the estate, or a portion of it, by the wrongful act of the landlord." McAdam on Landlord and Tenant, Volume 2, Section 418.

"The wrongful acts of a lessor do not, in law, amount to an eviction, where there is neither an actual nor a constructive expulsion of the lessee from any portion of the demised premises." McAdam on Landlord and Tenant, Volume 2, Section 418, page 1335.

"To work a suspension of the obligations of the tenant, under the lease, while his rights under it remain in full force, *there must be an exclusion* of the occupant from some portion of the premises demised or a substantial and effectual deprivation of the beneficial enjoyment of the property, in whole or in part. Any of the following acts will constitute an eviction, viz.: Preventing the tenant from occupying the premises by any act of the lessor or by one having paramount title; a recovery of judgment in ejectment by the owner of a paramount title; an injunction by the lessor against the use of the premises; a judgment of eviction in his favor." McAdam on Landlord and Tenant, Volume 2, Section 407.

The text is supported by numerous authorities and illustrations of the application of the above principles, but none of the cases cited contain the proposition that a right of action arises in favor of a tenant as for an eviction or breach of the lease contract upon a mere demand by the landlord of possession and the voluntary surrender thereof by the tenant.

Nothing more than this is alleged in the petition; the landlord demanded possession and demanded it in writing; he said he would begin legal proceedings to recover possession if the tenant did not comply with the demand. It is not alleged that he did begin legal proceedings or do anything else showing his intention to evict the tenant. If the tenant was rightfully in possession and entitled to remain, he should have awaited the legal proceedings that were threatened and made his defense thereto, rather than to have complied with the demand, as he

did, and then bring his action for alleged damages which perhaps never would have resulted.

The cases cited by plaintiff to sustain the sufficiency of the petition are most of them illustrations of the rule that an action for rent will not lie in favor of the landlord where the tenant leaves the premises as the result of some action on the part of the landlord evidencing his desire to terminate the lease. They have no application to a case like this where the tenant seeks to found a right of action upon the wrongful acts of the landlord. Such cases hold that a rescission of the contract of lease is worked by the acts of the landlord showing such intention and the consent of the tenant thereto. This suggestion also disposes of the contention of plaintiff that eviction is a matter of intention, and as the intention must be gathered from acts, the question of intention must be left to the jury. In this case there is no allegation of any facts which can possibly be construed as amounting to an eviction, and therefore nothing to submit to a jury for its determination upon the subject.

We are cited to the case of *Tarpy* v. *Blume*, 101 Iowa, 469, as sustaining the proposition that serving a notice to quit amounts to a wrongful eviction. The syllabus of that case reads as follows:

"Actual force is not essential to a wrongful eviction of a tenant by his landlord, but such eviction may be effected by the serving of a notice to quit within a specified time prior to the expiration of the period for which the tenant is entitled to possession, the moving of property into the buildings without the tenant's consent and the latter's leaving the premises in consequence thereof."

It is evident that the decision of this case turned on the fact that the landlord took possession of the buildings on the demised premises without the tenant's consent, and not on the notice to quit. On page 471 of the opinion, Judge Given distinguishes the case from the case of *Wright* v. *Everett*, 87 Iowa, 697, and says:

"In that, the landlord entered without objection, while in this, it was against the protest of the plaintiff."

In the latter case there was only a notice to quit and entry by the landlord without protest from the tenant, who soon thereafter quit, and the court held "that the possession taken by the lessor was not wrongful and that the lessee was not entitled to damages therefor."

The latter case, and not the former, is in point and should be followed in determining the case at bar.  There is no allegation in the petition that plaintiff protested against leaving the premises; his voluntary compliance with the notice to quit determined his rights and put them at an end.

The demurrer was properly sustained and the judgment is affirmed.

*J. F. Clark*, for plaintiff in error.

*Scott & Parks*, for defendant in error.

---

### BILLS OF EXCEPTIONS.