SAMUEL I. JACOBS *vs.* HARRY S. MANN.

Suffolk.    March 8, 1938.— May 24, 1938.

Present: RUGG, C.J., FIELD, LUMMUS, DOLAN, & COX, JJ.

*Pleading, Civil,* Declaration.    *Abuse of Legal Process.    Malicious Prosecution.*

A demurrer to a declaration in an action of tort properly was sustained because it failed to state concisely and with substantial certainty the substantive facts necessary to constitute a cause of action, whether the cause intended to be set out was an abuse of process or a malicious prosecution.

In a declaration for malicious prosecution, an allegation that the proceeding against the plaintiff "ended in favor of the present plaintiff, in that, the said false and malicious action against the plaintiff was in no wise maintained," was a conclusion not admitted by demurrer.

TORT. Writ in the Superior Court dated November 15, 1937.

A demurrer was sustained by *Williams*, J. The plaintiff appealed.

*S. I. Jacobs, pro se.*

*H. S. Mann, pro se.*

COX, J. The defendant's demurrer to the plaintiff's declaration was sustained with an order that no amendment be allowed. The plaintiff's appeal from the order sustaining the demurrer is before us rightly. G. L. (Ter. Ed.) c. 231, § 96. *Morrill* v. *Crawford*, 278 Mass. 250. *Gallo* v. *Foley*, 299 Mass. 1.

The action is in tort and the declaration is as follows:

"Plaintiff says that on or about the 31st day of July, 1934 the defendant, in order to injure the plaintiff in his profession and to disgrace, degrade, defame and prosecute him, with express malice and without probable cause, of his own initiation, being unauthorized in that behalf, as attorney for a supposed and then non-existing client, prepared, signed, swore and filed in the Suffolk Superior Court at Boston, a groundless, false and malicious charge or allegation against the plaintiff, thereby joining him as a party defendant and by virtue thereof he was made to answer to the unfounded charge that he, the plaintiff, conspired with other defendants to withhold from the said supposed complainant a chose in action and a certain sum of money. By reason of the malicious action on the part of the defendant, the plaintiff was caused to appear in Court and defend himself although the defendant at all times well knew that the action was unauthorized, groundless and, that he had no affirmative proof, reasonable cause or any expectation of maintaining the said charge or complaint against the plaintiff. Thereafter, at a preliminary hearing held on or about September 26, 1934 before a justice of said Court, upon a 'motion for order' and, also after final trial, the said proceedings ended in favor of the present plaintiff, in that, the said false and malicious action against the plaintiff was in no wise maintained. In consequence thereof, the plaintiff was injured in his profession, was subjected to disgrace, suffered anguish of mind, lost a great deal of valuable time and was put to expense. All to his great damage as in his writ alleged."

It is unnecessary to consider all of the eleven grounds assigned in the demurrer for we think that the declaration is objectionable on the first three grounds in that it fails to allege concisely and with substantial certainty the substantive facts necessary to constitute an actionable cause, and that the matters and averments contained in it are insufficient in law to maintain a cause of action.

If it is intended to allege an abuse of process, the declaration fails in this respect. See *Wood* v. *Graves*, 144 Mass. 365; *White* v. *Apsley Rubber Co.* 181 Mass. 339; *MacLean* v.

*Naumkeag Trust Co.* 268 Mass. 437, 439; *Rosenblum* v. *Ginis*, 297 Mass. 493, 497.

If it is intended to allege a malicious prosecution the declaration goes no further than to allege that the "charge" against the plaintiff was that he "conspired with other defendants to withhold . . . a chose in action and a certain sum of money," this charge being alleged to be groundless, false, malicious, and without probable cause. Such general allegations of characterization, standing alone, are insufficient, as matter of pleading, to state a cause of action in tort. *Caverno* v. *Fellows*, 286 Mass. 440, 443. *McCarthy* v. *Hawes*, 299 Mass. 340, 344. And, if we should go no further, it could be said that the declaration as a whole fails to state concisely and with substantial certainty the substantive facts necessary to constitute a cause of action. G. L. (Ter. Ed.) c. 231, § 7, Second. *Pollock* v. *New England Telephone & Telegraph Co.* 289 Mass. 255, 258, and cases cited. If it was the intention of the pleader to declare for malicious prosecution, there is no sufficient allegation that the original process, whatever it may have been, has been terminated in favor of the plaintiff. The only allegation in this respect is that "said proceedings ended in favor of the present plaintiff, in that, the said false and malicious action against the plaintiff was in no wise maintained." At best, this is a mere conclusion, not admitted by the demurrer, *Johnson* v. *East Boston Savings Bank*, 290 Mass. 441, and the declaration fails to state a necessary element of a case. See *Rosenblum* v. *Ginis*, 297 Mass. 493, 498; *Sayles* v. *Briggs*, 4 Met. 421; *Bacon* v. *Towne*, 4 Cush. 217; *Bannon* v. *Auger*, 262 Mass. 427, 432, 433, 434. Compare *White* v. *Apsley Rubber Co.* 181 Mass. 339; *Malone* v. *Belcher*, 216 Mass. 209, 211. The demurrer was sustained rightly.

*Order sustaining demurrer affirmed.*