GRUNAU, Plaintiff-Appellee, v FAFLIK, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20720. Decided December 8th, 1947.

Frank Leonetti, Cleveland, for plaintiff-appellee.
Frank G. Mercer, Cleveland, for defendant-appellant.

**OPINION**

By MORGAN, J.

Plaintiff's petition in this case contains two causes of action. In his first cause of action the plaintiff alleged that he is a duly licensed chiropodist; that the defendant owned and operated a retail shoe store at 4256 West 25 Street, Cleveland, Ohio; that on September 7, 1939, the defendant leased to plaintiff the mezzanine floor of the premises located at 4256 West 25 Street, for his use as a chiropodist for three years ending on September 6, 1942. The rental was to be $1.00 per year. The plaintiff was given an opportunity to renew the lease at the same terms for a period not exceeding five years. Plaintiff exercised the said option and renewed the lease for five years.

That on or about October, 1939, the defendant sold said shoe business to Clarence Faflik Shoes, Inc., a corporation, including the said space leased to plaintiff. In the agreement of sale between the defendant and the said corporation, it was provided that the defendant would pay the plaintiff the value of said lease; Clarence R. Faflik Shoes, Inc., have taken possession of said business and store room and have not and will not recognize the plaintiff's lease; the said lease at the time the defendant sold the business and leased the store room to the purchasr had a reasonable value of $5760.00 for which amount, together with interest, the plaintiff prays judgment.

In the second cause of action the plaintiff alleged that the defendant agreed with him to conduct a campaign of advertising which he failed to do and that by reason of such failure the plaintiff was damaged to the extent of $16,000.00.

At the close of plaintiff's case the defendant moved for a directed verdict on the first cause of action and also by separate motion on the second cause of action. The court overruled the motion as to the first cause of action but granted the motion as to the second cause of action.

With reference to the agreement for advertising, the defendant testified:

"We just spoke of it, and we mutually agreed that it would be a very good promotional idea."

The plaintiff in turn testified that:

"It was really no agreement, it was a discussion."

A directed verdict for the defendant on the second cause of action followed as a matter of course.

The defendant then proceeded with his defense and at the close of all the evidence the case was submitted to a jury on the first cause of action. The jury returned a verdict for plaintiff for $5760.00 with interest at 6% from October, 1939 to October, 1946. From this judgment the defendant appeals.

The plaintiff filed no appeal from the action of the court in directing a verdict for the defendant on the second cause of action.

On or about November 16, 1939, the defendant sold his shoe business and the property to Clarence R. Faflik Shoes, Inc., and as to the lease to Dr. Grunau, the plaintiff herein, the agreement of sale provided:

"As to said chiropodists the seller covenants, warrants and agrees that valid arrangements have been made with them, whereby they have agreed to vacate and move—upon sixty days written notice from the purchaser and written memorandum signed by said chiropodists, satisfactory to the purchaser shall be furnished by the seller to the purchaser as a part of this transaction."

It was not the fact that the defendant had made any arrangement with the plaintiff, by which the latter agreed to vacate and move. The above provision was inserted in the agreement, evidently in the hope that defendant would be able to secure such an agreement with the plaintiff. The evidence, however, discloses that defendant attempted to buy the plaintiff's interest in the lease but plaintiff refused to sell.

On June 6, 1940, the Clarence R. Faflik Shoes, Inc., mailed a letter to Dr. Grunau requesting that he remove from the premises at 4256 West 25 Street, on or about August 1, 1940. The plaintiff refused to comply with the request and no further request was made to the plaintiff to vacate.

The plaintiff testified that "I continued to stay on there and the new owners allowed me to stay."

In 1942 the plaintiff exercised his right of renewal of the lease for another five years and of his own volition vacated the premises on May 1, 1945 after he had filed this action.

On cross-examination the plaintiff testified that he knew that he "had a good, valid and subsisting lease on the premises." He also testified:

"Q. And you occupied those premises with water, heat and light for a period of approximately six years for which you paid $1.00 per year, is that correct?

A. That is correct.

Q. Now, outside of the time that you received this one notice from the new purchasers in which they asked you to vacate those premises, did you ever at any time receive any other notice to vacate these premises, in writing?

A. No, sir.

Q. And were you at any time, during that entire period that you occupied those premises, molested or in any way prevented from having the full use of those premises?

A. No.

Q. And at the time you vacated the premises in May, which as a matter of fact is a month after this lawsuit was filed you vacated the premises voluntarily, did you not?

A. Yes."

The defendant also testified that there had never been any inferences at any time during the lease with Dr. Grunau's occupancy of the premises.

The plaintiff also offered as an expert witness a real estate broker who testified that the reasonable rental value of the space leased to Dr. Grunau was $35.00 per month. The jury evidently accepted this evidence of the rental value of the premises and gave the plaintiff a judgment for the reasonable value of the lease based on such rental value from the date that defendant made his agreement of sale with the Clarence R. Faflik Shoe Company, Inc.

If the plaintiff had been evicted and deprived of the benefit of his lease, his damages therefor would have been a jury question, but clearly the plaintiff was not entitled to damages for the reasonable value of the leasehold, while his possession was not interfered with. The uncontradicted evidence is that the possession of the plaintiff was not prevented or interfered with and that there was no eviction either actual or constructive. When the plaintiff vacated the premises on May 1, 1945, he left voluntarily.

The petition in this case was filed in the Court of Common Pleas before October 11, 1945. Accordingly, the motion for a new trial in the case should have been filed within three days

of the judgment but it was not filed until later. The plaintiff contends that this court, therefore, has no jurisdiction to review the case on the weight of the evidence.

We find, however, that the defendant filed his motion for a directed verdict at the conclusion of plaintiff's evidence which he renewed at the close of all the evidence. Both motions were overruled. 2 O. Jur. 264:

"While a motion for a new trial is necessary to determine the weight of the evidence, it is not necessary in the application by the court of the law to the facts on a motion for a directed verdict. In such case the defeated party has the right to rest solely on his motion for a directed verdict and although he may do so, he is not compelled to ask for a new trial which he may not desire."

See also: **Jacob Laub Baking Co. v Middleton, 118 Oh St 106.**

The trial court in this case erred in overruling the said motions filed by the defendant to direct a verdict in his favor.

It follows that the judgment in this case must be reversed with final judgment for the defendant-appellant.

HURD, PJ, and SKEEL, J, concur.