MAX SHER *vs.* MAURICE PERLMAN.

Suffolk.   February 9, 1949. — June 9, 1949.

Present: QUA, C.J., LUMMUS, RONAN, & WILKINS, JJ.

*Landlord and Tenant*, Eviction, Federal control.  *Fraud.  Deceit.  Res Judicata.  Pleading, Civil*, Declaration, Demurrer.

A demurrer to a declaration on the stated ground, "res judicata," cannot be sustained where the declaration contains no allegation that can properly be interpreted as averring that there had been either a previous hearing or a judgment on the cause of action.

To a declaration in an action at common law for damages resulting from an eviction alleged to have been procured through violation of provisions of the Federal housing and rent act of 1947, U. S. C. (1946 ed.) Sup. I, Title 50, Appendix, § 1899 (a) (2), a demurrer was properly sustained because of lack of an allegation that the premises in question were controlled housing accommodations.

Any right in a tenant to maintain an action at common law for damage sustained by him through violation by his landlord of provisions of the Federal housing and rent act of 1947, U. S. C. (1946 ed.) Sup. I, Title 50, Appendix, § 1899 (a) (2), can be enforced only if he sets forth in his pleadings all the substantive facts necessary to constitute a cause of action.

An allegation in a declaration that the plaintiff was caused to vacate premises "by threats of illegal eviction" was a conclusion of law and was not admitted on demurrer.

TORT.   Writ in the Municipal Court of the City of Boston dated June 11, 1948.

A demurrer to the declaration was sustained by *Adlow*, J.

*A. F. Hassett*, (*G. Gruzen* with her,) for the plaintiff.

*J. H. Baldwin*, for the defendant, submitted a brief.

WILKINS, J.   In this action of tort the declaration alleges that the plaintiff occupied with his family apartment 4 at 69 Greenwood Street, Dorchester, under a tenancy at will with the defendant, the owner; that, on or about September

5, 1947, the defendant caused the plaintiff "by threats of illegal eviction from said tenement" to vacate the premises; that "previous to said threats of eviction" the defendant caused to be filed with the office of price administration a petition for the purpose of securing a certificate to evict the plaintiff; that the "petition contained a statement that the defendant desired said premises for his own personal occupancy, which statement was untrue"; that "as a result of said untrue statement said petition was granted, giving the defendant authority to evict the plaintiff"; and that "said petition would not have been granted had the defendant not made said untrue statement, but by reason of said statement the plaintiff was caused to vacate said premises by proceedings filed with the Municipal Court of the Dorchester District, in which court a certificate of eviction issued by the office of price administration was filed," all to the damage of the plaintiff. The defendant demurred and assigned as reasons: "1. That the declaration sets forth no legal cause of action against the defendant. 2. Res judicata." The demurrer was sustained by a judge, who reported his ruling to the Appellate Division, which affirmed the order sustaining the demurrer and dismissed the report. The plaintiff appealed.

If either ground of demurrer is good, it will be enough to dispose of the appeal. *Hiller* v. *American Telephone & Telegraph Co., ante,* 24. As the declaration cannot properly be interpreted as alleging that there was either a hearing or a judgment in the District Court, the ground of res judicata need not be considered.

The first ground of demurrer is good. The declaration contains no allegation that the premises were controlled housing accommodations. See the housing and rent act of 1947, U. S. C. (1946 ed.) Sup. I, Title 50, Appendix, § 1899 (a) (2).[1] The clear, direct, and unequivocal allegation of a crucial fact is lacking. *North Station Wine Co. Inc.* v. *United*

[1] It is to be noted that a certificate of the office of price administration was not required after July 1, 1947, the effective date of the housing and rent act of 1947. See *Found* v. *Harris*, 189 Misc. (N. Y.) 940.

*Liquors, Ltd.* 323 Mass. 48, 51, and cases cited.  *First Portland National Bank* v. *Taylor*, 323 Mass. 492, 495.    At common law a landlord could terminate a tenancy at will for any purpose without his motives or reasons being attacked by the tenant.  *DeWolfe* v. *Roberts*, 229 Mass. 410, 413.  *Mescall* v. *Somerset Savings Bank*, 305 Mass. 575, 579.  *Gabriel* v. *Borowy, ante,* 231, 234.   The missing allegation cannot be supplied by inference from the allegations as to the petition filed with the office of price administration.   A demurrer admits allegations of fact well pleaded, but does not admit inferences from such facts unless they are necessary inferences.  *Comerford* v. *Meier,* 302 Mass. 398, 402. The petition might have been mistakenly filed.  If, nevertheless, the declaration be treated as containing an allegation that the premises were controlled housing accommodations, it still falls short of stating a cause of action. Whether the case at bar be regarded as an action "for deceit and fraud," as described in the report, or as an action for wrongful eviction, as also argued by the parties, it is governed by our very recent decision in *Gabriel* v. *Borowy, ante,* 231, which is conclusive against the plaintiff.   It is unnecessary to repeat what was there said.   The plaintiff is not aided by the allegation of "threats of illegal eviction." That is a conclusion of law not admitted by demurrer. *Neustadt* v. *Employers' Liability Assurance Corp. Ltd.* 303 Mass. 321, 326.   *Stockus* v. *Boston Housing Authority,* 304 Mass. 507, 511.   *Walter* v. *McCarvel,* 309 Mass. 260, 265.

*Order dismissing report affirmed.*