JEAN FOLLANSBEE *vs.* JOHN PHOTIOU & another.

Essex. December 8, 1950. — January 3, 1951.

Present: QUA, C.J., WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Trust,* Constructive trust. *Fiduciary. Fraud.*

Allegations in a bill in equity, that a mortgage on real estate of the plaintiff was foreclosed merely "to clear the title"; that the defendant, before the foreclosure sale, stated to the plaintiff that he "would protect her interests by outbidding anyone who tried to get the place away from her," and at the sale stated to the plaintiff's representative that he was going to buy the property and would outbid anyone else; that the defendant knew the purpose of the sale; that after bids by both the plaintiff and the defendant at the sale the defendant became the purchaser as the highest bidder; and that the defendant outbid the plaintiff "for the purpose of defrauding her of" the property and "should be held to be holding it . . . in trust" for the plaintiff, did not show any fiduciary relation between the plaintiff and the defendant, or any fraud on the defendant's part, or that he held the property on a constructive trust for the plaintiff.

BILL IN EQUITY, filed in the Superior Court on June 8, 1950.

Demurrers to the bill were heard by *Baker, J.*

*C. J. Powell,* for the plaintiff, submitted a brief.

*A. R. Linscott,* for the defendants.

WILKINS, J.   The plaintiff appeals from an interlocutory decree sustaining demurrers to the bill of complaint and from a final decree dismissing the bill.   The allegations of the bill are somewhat informal and diffuse, but in so far as material seem to be as follows:   In 1949 the plaintiff had some interest as owner in certain real estate on Lake Street, Peabody, an interest previously held by one Betton, then deceased.   In 1931 Betton had given a mortgage in the amount of $4,000 to Equitable Cooperative Bank of Lynn. In order "to clear the title," foreclosure proceedings were begun, and a sale at public auction was set for September 26, 1949.   On the evening preceding the sale the male defendant (hereinafter called the defendant), who is the husband of the female defendant, told the plaintiff that "he would be present at the foreclosure sale and would protect her interests by outbidding anyone who tried to get the place away from her."   On the day of the sale the defendant went to the premises and told the plaintiff's attorney that he was going to buy the place and would outbid anyone else.   He said this although he was informed by the plaintiff's attorney that the sale was "merely to clear the title," and the defendant said that he already knew this.   The defendant was the highest bidder with a bid of $10,000, and became the purchaser.   The plaintiff occupies the real estate as the proprietor of a home for elderly people.   On May 19, 1950, the defendants gave the plaintiff notice to vacate.   The defendant outbid the plaintiff "for the purpose of defrauding her of the premises"; and the defendants "should be estopped from evicting" the plaintiff, and "should be ordered to return the property" to the plaintiff, "as they actually should be held to be holding it at present in trust" for the plaintiff.   There are prayers for a reconveyance of the real estate and for damages.

One ground of each demurrer is that the plaintiff has not stated any grounds for equitable relief against the defendant. If this was good, the bill was rightly dismissed.   *Hiller* v. *American Telephone & Telegraph Co.* 324 Mass. 24, 25.

The validity of the sale is not impugned by the plaintiff.

The foreclosure of the mortgage was the exclusive right of the bank as mortgagee. G. L. (Ter. Ed.) c. 244, § 14. The rights of the plaintiff are not aided by the allegation that the sale was for the purpose of clearing the plaintiff's title. *Johnson* v. *East Boston Savings Bank,* 290 Mass. 441, 446–447. *Stockus* v. *Boston Housing Authority,* 304 Mass. 507, 510–511. *Sher* v. *Perlman,* 324 Mass. 390, 392.

Allegations essential to maintaining the bill on the ground of fraud are lacking. No confidential relationship existed between the plaintiff and the defendant. *Cranwell* v. *Oglesby,* 299 Mass. 148, 152. The defendant was not the plaintiff's broker. *DiBurro* v. *Bonasia,* 321 Mass. 12. *Berenson* v. *Nirenstein,* 326 Mass. 285. No information, confidential or otherwise, was obtained by the defendant from the plaintiff. No influence was acquired or confidence abused. *Warsofsky* v. *Sherman, ante,* 290. There was no enrichment of the defendant. Indeed, the plaintiff argues that the property was purchased for much more than it was worth. It is not alleged that the defendant's statement on the evening preceding the sale was false or that there was any reliance thereon by the plaintiff. *Hazleton* v. *Lewis,* 267 Mass. 533, 538. See *Gabriel* v. *Borowy,* 324 Mass. 231, 237–238. Furthermore, no damage was thereby caused the plaintiff, because the allegations show that the defendant made his position clear the next day before the beginning of the sale, at which the plaintiff was represented by an attorney and participated as long as she wished in the bidding. There is no basis for the imposition of a constructive trust. *Salter* v. *Beal,* 321 Mass. 105, 108–109. *Yamins* v. *Zeitz,* 322 Mass. 268. See *Shelburne Shirt Co. Inc.* v. *Singer,* 322 Mass. 262, 268. In *Cann* v. *Barry,* 293 Mass. 313, a relationship of trust and confidence existed between the parties and the plaintiff was fraudulently induced not to take steps to acquire property for himself.

*Interlocutory decree affirmed.*
*Final decree affirmed with costs.*