**CALVIN, Plaintiff-Appellee, v. MARTIN, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22379. Decided April 21, 1952.

Myron D. Malitz, Shaker Heights, for plaintiff-appellee.
Frank C. Lyon, Cleveland, for defendant-appellant.

## OPINION

By HURD, J.:

. This is an action originating in the Municipal Court of Cleveland by a former tenant against his former landlord for compensatory and punitive damages including attorney fees for alleged wrongful eviction. The jury returned a verdict in favor of plaintiff for fifteen hundred dollars upon which judgment was rendered. Motions for judgment non obstante veredicto and for a new trial having been overruled, defendant appeals on questions of law.

Defendant, Martin, was the owner of premises located at 2769 East 75th Street, Cleveland, Ohio. Plaintiff, Calvin, was his tenant occupying a suite consisting of four rooms and bath. On June 12, 1950, Martin petitioned the Cleveland Area Rent Office of the United States Housing Expediter for a certificate relating to eviction under Section 825.6 (c) (3) of the Rent Directors Regulations under the Housing and Rent Act of 1949 stating that he desired to evict the tenant for the following reason:

"Said accommodations consist of four (4) rooms and bath. Landlord desires to remodel and repair the interior of this suite, to-wit: plaster two rooms, repair floors, decorate and paint, install and repair all windows, and fumigate the premises because same is infested with vermin by reason of the unsanitary conditions in which the premises are kept by the tenant.

"These alterations and repairs do not require approval according to local law. Landlord has purchased materials and has engaged the contractor to do the work, and will begin work immediately upon the vacation of the premises by the tenant."

The petition for certificate of eviction was granted by the Area Rent Office on July 1, 1950, on condition that action to evict the tenant should not be commenced before September, 1950.

On September 8, 1950, Martin filed an action in forcible entry and detainer in the Municipal Court of Cleveland alleging the grounds set forth in the certificate relating to eviction. Thereupon the case was set for trial September 15, 1950. But, before trial date some discussions took place between counsel representing the respective parties resulting in an agreement in writing as shown by a letter dated September 15, 1950 signed by counsel for Calvin addressed to counsel for Martin, which, omitting the caption and signature reads as follows:

"In re Martin v. Calvin, Mun. Ct. No. A-179712. In reference to the above forcible entry and detainer action this will

confirm our agreement that you may take an agreed judgment for the plaintiff for restitution of the property now being occupied by the defendant. The order is to provide that the defendant shall have until November 1, 1950, to vacate the premises, and said order shall be without prejudice to your right to collect rent.

"I am enclosing rent for the current month which was previously refused by your clients and which you are now able to accept under this agreement.

"This letter is sent you in duplicate. Please sign one copy and return to my office."

Counsel for Martin signed a copy of this letter as requested and returned it to counsel for Calvin in confirmation of the agreement. Thereupon, in pursuance of the terms of the agreement, an agreed entry was made by the Court providing for vacation of the premises by Calvin and he voluntarily vacated the same November 1, 1950. After Calvin vacated the premises, Martin immediately proceeded to make certain repairs testified to as shown by the record as follows:

Installed new window and frame in back room, repaired frame and installed window pane in both rooms, laid 30 square feet of flooring in dining room, kitchen and bathroom and replaced a sub-sill, patched one hole in front bedroom; papered four rooms, plastered half of ceiling in front room, installed two-way plugs, installed ceiling light in front room, all paper was removed from walls before this papering; replaced stool in bathroom; fumigated suite with (DDT); painted kitchen, bath room and part of bedroom floors.

The premises were not re-rented until the work of repair was completed which was some time about the last of November or first of December, 1950.

On March 7, 1951, something over three months after Calvin vacated the premises, he instituted this action on the ground that defendant had obtained the certificate of eviction wrongfully and had failed to remodel and repair the premises in accordance with the representations contained in the certificate relating to eviction.

Defendant appellant assigns sixteen grounds of error, the principal grounds being that the judgment is void; that the court erred in the admission of evidence offered by plaintiff to which exception was taken; that the court erred in rejection of evidence offered by defendant; that the court erred in overruling motions made for a directed verdict upon the opening statement, upon the conclusion of plaintiff's case, upon the conclusion of the entire case and for judgment non obstante veredicto; that the court erred in refusing special charges

requested in writing before argument; that the verdict of the jury was contrary to the manifest weight of the evidence; that the verdict of the jury is excessive appearing to have been given under influence of passion and prejudice; material variance between proof and allegations; misconduct of counsel and because of other errors apparent upon the face of the record

We are of the opinion that the court erred in the admission of evidence of conversations of plaintiff's counsel with his client in the absence of the defendant; in the admission of other irrelevant and incompetent evidence; in refusing the written request to charge the jury before argument that if the remodeling done by the defendant was substantially as represented in the certificate and set forth in the petition the defendant would be entitled to a verdict in his favor because substantial performance would negative an intention to deceive or to act maliciously. We believe also, that the judgment is contrary to the manifest weight of the evidence. All of these errors are prejudicial and would in any event require a reversal of the judgment and a remanding of the case to the trial court for further proceedings according to law. But, it is unnecessary to pursue a discussion of these errors because final judgment must be rendered for appellant on other grounds.

At the time the alleged cause of action herein arose, the Housing and Rent Act enacted by Congress did not provide any civil remedy to a tenant claiming damages for wrongful dispossession. Up to the present time, the State of Ohio has not provided a civil remedy by statute for alleged violation of the Federal Housing and Rent Act. At common law, a tenant has no right of occupancy of demised premises except in accordance with the terms of his lease at the expiration of which he may be evicted by due process with or without cause and a landlord can terminate a tenancy at will, for any purpose and his motives are not subject to attack. However, the Housing and Rent Act has modified the common law rights of the landlord to the extent of prohibiting him from bringing and maintaining eviction proceedings except in accordance with the provisions of the Act. The Housing and Rent Act permits eviction proceedings where the landlord seeks in good faith to recover immediate possession for personal use and occupancy as a dwelling for himself or immediate family or for the purpose of altering, remodeling or repairing where the same cannot be practicably done with the tenant in possession.

As to the rights and remedies, there is not a desirable uniformity of opinion in the reported cases. The greater number of authoritative decisions are by the courts of last resort

in New York and Massachusetts where in 1948 statutes were enacted, designed to protect tenants against eviction proceedings brought in violation of the good faith clauses of the Federal Housing and Rent Act.

New York by statute has provided in substance that where a tenant has been removed from housing accommodations by action to evict under a judgment granted upon the ground that the landlord seeks in good faith to recover possession for his immediate and personal use, and if such landlord shall fail after thirty days to occupy such space, or, if he shall rent such space to a third person within one year, he shall be liable to the tenant for all damages sustained on account of such removal. N. Y. Laws 1948 (c) 213—Sec. 1444-a.

Massachusetts has, by statute, provided in substance that any person who recovers possession of premises used for dwelling purposes on the misrepresentation to the court that he intends to use said premises for his own use shall be guilty of contempt of court. Massachusetts Act 1948 (c) (2) Sec. 4.

It should be observed that these statutes refer only to that part of the Housing and Rent Act which relates to self-occupancy and do not include the ground of need for altering, remodeling or repairing.

The actions for recovery of damages usually are predicated upon the common law doctrine of fraud and deceit. Some take the form of malicious prosecution, others are termed "wrongful eviction" which is apparently a hybrid term having some of the elements of both deceit and malicious prosecution. The term "abuse of process" is sometimes employed, but this is merely another name for malicious prosecution. See **Detwilder v. Holly, 3 Abs 121.**

It is difficult to define the character of the present action. Although fraud and malice are alleged, the petition does not embrace all of the elements necessary to maintain an action in fraud and deceit at common law. The petition in substance alleges false and fraudulent statements, that the action for eviction was maliciously brought and that by reason thereof the plaintiff suffered to his damage. These are the material allegations which would indicate that it was brought as an action for malicious prosecution or abuse of process which could not be maintained here because the plaintiff did not prevail in the original action. As heretofore stated, these allegations likewise are not sufficient to maintain an action for deceit, lacking the elements of intent and reliance. But, irrespective of the form of the petition, we find, upon analysis of the record, that there is a failure of proof of all of the elements necessary to an action in fraud and deceit. Bearing in mind that the

certificate relating to eviction was not the usual one for self-occupancy, but rather for the purpose of remodeling and repairs, we find on evidence which was challenged upon cross-examination but not refuted that there was substantial performance in relation to repairs. A comparison of the contents of the certificate with the evidence of repairs indicates that while there is some variation, it is so slight as to be practically immaterial. Under the circumstances, we find that performance here was so substantial in character as to completely negative the allegations of fraud and deceit.

Furthermore, the evidence lacks the element of reliance. In this respect, the evidence clearly and undisputably shows a separate agreement in writing by the terms of which Calvin in consideration of an extension of time of his occupancy voluntarily vacated the premises without a determination of the issue of possession by trial and without the issuance of a writ of eviction against him. Under these circumstances his agreement that an entry of judgment could be made on condition that he be permitted to remain in the premises until November 1st, effectually foreclosed any right of action which otherwise he might have had for·wrongful eviction. Calvin chose not to litigate the issue of possession before the Municipal Court. Neither did he contest the issue before the Federal Administrative Agency which issued the certificate. Nor did he appeal to the Emergency Court of Appeals, all of which he was entitled to do. Instead, through his counsel of record he entered into an agreement containing no ambiguities or reservations in pursuance of which he voluntarily vacated the premises. Thereby he chose to rely upon the agreement and having accepted the benefits thereof he is now by waiver and estoppel precluded from asserting any rights which conceivably under any theory of law he might have claimed for wrongful eviction.

The case of David v. Fayman decided by the appellate division of the Supreme Court, 273 App. Div. 408, 78 N. Y. 5 (2d) 188 and affirmed by the Court of Appeals of New York, 298 N. Y. 669, 82 N. E. (2d) 404, is a case analogous factually in all respects to the instant case, except that the action there was based upon a complaint that the landlord fraudulently represented that he desired the rented premises for his own use and that after the tenant vacated the premises, another party took possession.

It was there held that a tenant who accepted the benefit of a two months' stay of eviction in exchange for his agreement to remove from residential premises and who did not question before O. P. A. or by further appeal to Emergency Court of Appeals or in landlord's Municipal Court eviction proceeding,

the landlord's assertion that he required possession for his own occupancy could not maintain an action against the landlord for damages for extrinsic fraud of landlord in failing to occupy premises for his own use. The court in that case at page 190 referring to this proposition said "he (the tenant) chose instead to accept the benefit of a two month stay of eviction in exchange for his agreement to remove from the premises. Retention of that benefit is, of course, inconsistent with the commencement of this action. Ross v. Preston, 292 N. Y. 433, 55 N. E. (2) 490, supra." At the time of that decision, New York had not provided by statute authority for the institution of actions for removal damages where tenants are dispossessed in violation of the statute, which is a situation similar in all respects to that which presently prevails in Ohio.

In the case of Gabriel v. Borowy, Supreme Judicial Court of Massachusetts, 324 Mass. 231, 85 N. E. (2d) 836, a case relating to self-occupancy, it was held on demurrer that the petition was fatally defective in absence of any allegation of the issuance or use of any process by defendants. The court said in part:

"The declaration does not set forth a cause of action for malicious prosecution. It fails to allege that the Defendants brought their action to recover possession without probable cause and with malice, and that the action terminated in favor of the present Plaintiff. As far as the allegations go, they do not show that any judgment was entered in the summary process proceedings. Sinn v. Rice, 154 Mass., 4, 27 N. E. 772, 17 L. R. A. 288; Wilson v. Hale, 178 Mass. 111, 113, 59 N. E. 632; Bannon v. Auger, 262 Mass. 427, 443, 434, 160 N. E. 255; Rosenblum v. Ginis, 297 Mass. 493, 497, 9 N. E. 2d 525; Jacobs v. Mann, 300 Mass. 258, 260, 15 N. E. 2d 482.

"We do not agree with the Plaintiff's contention that the declaration is ample to permit him to maintain an action for a wrongful eviction. The declaration does not set forth any physical ouster and the Plaintiff must rely upon a constructive eviction. Even if we assume in his favor that his removal from the tenement as a result of the Defendants bringing the action of summary process would constitute such an eviction, yet the legality of the eviction depends solely upon the good or bad faith with which the Defendants commenced the action. As that was one of the issues involved in that action and as there is no allegation that that action has been determined in favor of the Plaintiff, the Plaintiff had no right to commence the present action. One cannot bring an action against a Defendant on the basis that the latter has brought groundless action against him until it has been so decided in the previous action. * * *"

The plaintiff in argument and by way of brief places great reliance upon the case of Miller v. Moss (1949), affirmed by this Court without opinion, our case No. 21214. That was an action for damages resulting from fraudulent eviction on the pretext of self-occupancy, in which the previous eviction action was prosecuted to judgment. Before the tenant, Miller. vacated, a third party called upon the Millers and informed them that said third party had rented the premises from the landlord. Thereupon, Miller filed a motion to vacate the judgment of eviction claiming that, prior to the entry of judgment, Moss had already contracted to rent the premises to a third party and that his assertion of need for the apartment for purposes of self-occupancy was false. The motion to vacate the entry was denied by the trial court on assurances of counsel for Moss that any claim of occupancy by anyone other than Moss was unfounded. Upon vacation of the premises by Miller pursuant to the writ of eviction, Moss rented the premises to the same third party. Thereafter, the action for wrongful eviction was commenced against Moss.

The trial court found inter alia in his conclusions of fact that Moss had no intention or expectation of moving into the premises vacated by Miller and that the sole reason for the eviction was his admitted dislike of his tenant, and that his representations to the Area Rent Director, to the Municipal Court and to Miller were at all times false and known by him to be false, and, but for such false representations, the Area Rent Director would not have authorized the institution of eviction proceedings, nor would Moss have secured a judgment in the Municipal Court in the eviction suit, and that by reason thereof, Miller suffered to his damage. The Court awarded Miller his actual damages plus attorney fees together with punitive damages. It should be noted and emphasized that in the Moss case there was no separate and independent agreement between the parties whereby Miller would voluntarily vacate the premises, but on the contrary, the eviction was obtained by fraud and deceit concerning which there could be no doubt as shown by the record and the findings of fact of the trial court.

The findings of the trial court embraced the five elements necessary to maintain a common law action in deceit, viz: a false representation of a material fact made with knowledge of its falsity, made with intent to mislead, relied upon by the parties with a right to so rely, and resulting in injury to the party complaining. These findings of fact compared with the facts of the instant case clearly indicate why that case is clearly distinguishable and cannot be accepted as a precedent here.

The case of **Ferguson v. Buddenberg, 87 Oh Ap 326,** decided by the Court of Appeals of Hamilton County, May 19, 1950, (motion to certify overruled November 1, 1950), is a case more closely analogous. That was an action predicated upon false and fraudulent representations for self-occupancy and sole reliance thereon by which plaintiff was induced by defendants to relinquish a right of occupancy secured to him by law. The Court there held as appears by the syllabus:

"Where a tenant, upon request and notice to vacate, voluntarily and without protest abandons premises rented from week to week, no action for damages against the landlord, based on fraud or misrepresentations as to reasons for such request to vacate, can be maintained under rights recognized by the common law, the Federal Housing and Rent Act or any statute of Ohio."

Ross, P. J., speaking for the court at page 327 said:

"If the plaintiff had any rights in the premises he voluntarily released and waived such rights by vacating the premises without protest."

The appellate court then entered final judgment for the defendants which it held the trial court should have entered.

While in the case of Ferguson v. Buddenberg, the defendants served a notice to vacate with the statement that compliance therewith would prevent resort to legal proceedings with which the plaintiff voluntarily complied and in the instant case eviction proceedings were instituted but settled by agreement, we think the same principles of law are applicable. In neither case was there abuse of process because of the voluntary vacation of premises in the Ferguson case upon notice and in this case by agreement.

Counsel by way of brief and argument have cited many cases bearing upon the subject here considered. We have examined these and in addition many others not cited. It is neither necessary nor would it be profitable to discuss all of these cases. Likewise, due to varying factual and legal situations, it is impossible to arrive at a satisfactory reconciliation thereof. However, it may be stated that two basic propositions emerge from an examination of the case law to date: (1) The common law action of fraud and deceit will lie and is the most acceptable form of procedure when the pleadings supported by the requisite degree of proof embrace the five elements necessary to such an action. (2) An action for malicious prosecution or abuse of process will be sustained only if the plaintiff has prevailed in the original action.

In New York and Massachusetts it has been held in a series of cases that the purpose of the landlord in dispossessing the

tenant is a matter for determination in the original eviction proceeding and the judgment there cannot be collaterally attacked.

In the Massachusetts case of Berenson v. Mahler reported 93 N. E. (2) 740, there is a citation of cases bearing on this subject, where the following is stated:

"If, as seems altogether probable, judgment was in fact rendered in the action for possession in favor of the present defendant, the case would fall within the authority of a number of recent decisions holding that the purpose of the landlord in dispossessing the tenant is a matter for determination in the original action for possession and is in fact determined there, if the judgment is for possession, and cannot be litigated anew in an action for deceit. Gabriel v. Borowy, 324 Mass. 231, 236, 85 N. E. 2d 435; Sher v. Perlman, 324 Mass. 390, 392, 86 N. E. 2d 902; Noyes v. Shanahan, 325 Mass. 601, 604, 91 N. E. 2d 841; David v. Fayman, 273 App. Div. 408, 78 N. Y. S. 2d 188, affirmed 298 N. Y. 669, 82 N. E. 2d 404; Rosenbluth v. Sackadorf, 274 App. Div. 794, 79 N. Y. S. 2d 524, affirmed 298 N. Y. 761, 83 N. E. 2d 158. See Wishnewsky v. Sagus, 325 Mass. 191, 194-196, 89 N. E. 2d 783, and cases cited; 62 Harv. L. Rev. 153."

The difficulty inherent in the proposition that the purpose of the landlord in dispossessing the tenant must be determined in the original action and cannot be collaterally attacked is that such purpose cannot always be ascertained until the termination of the original action. This difficulty has been recognized in later cases where petitions for recovery of damages embracing all of the elements necessary to an action for deceit were held sufficient when the petitions or complaints were attacked by motion or demurrer. Kilroy v. Barron, Supreme Judicial Court of Massachusetts (1950), 95 N. E. 2d 190; Teare v. Sussman, Supreme Court of Colorado (1949), 210 Pacific 2d 446; Woods v. Gate City Agency, Inc. (1949), 86 Fed. Supp. 435. Counsel for plaintiff has cited these three last mentioned cases in support of his contentions in this case. We find these cases are clearly distinguishable both in form and character of action and on the facts.

Teare v. Sussman was decided on appeal where the trial court had dismissed the complaint. In that case, which was brought for fraud and deceit, the Supreme Court held the petition was sufficient, which contained all of the elements necessary to an action in deceit and which alleged in effect that after the landlord had obtained possession on a certificate for remodeling, he immediately placed another tenant in possession without any remodeling.

Woods v. Gate City was an action by Tighe Woods, the Housing Expediter brought to enjoin the landlord from further violations of the Rent Control Act with respect to housing accommodations and for damages, where the landlord represented to tenants that the premises were required for remodeling purposes. The tenants moved as result of notification, but the landlord did not remodel the house. Instead it was sold to another person. The court denied the motion for summary judgment or judgment on the pleadings, holding that the petition stated a good cause of action.

Kilroy v. Barron was decided on demurrer. This petition embraced all of the elements necessary to an action in deceit and alleged in substance that the landlord falsely represented that possession was necessary on the ground of family occupancy but that he never intended to use the property, but in fact intended to sell the property and to use the vacated tenement as a means of facilitating the sale of the property. The Supreme Court held that the petition stated a cause of action and reversed. At page 192, the court stated that "The instant case is distinguishable from Gabriel v. Borowy, 324 Mass. 231, 85 N. E. 2d 435, and Sher v. Perlman, 324 Mass. 390, 86 N. E. 2d 902, where there were lacking some of the elements necessary to set forth a cause of action for deceit."

In the instant case, we find that certain of the elements necessary to maintain an action at common law in fraud and deceit are lacking in the allegations of the petition and in the evidence adduced upon trial. For reasons previously stated, it cannot be considered as an action for abuse of process or malicious prosecution.

We therefore hold that Municipal Court erred in its denial of the motion of the defendant for an instructed verdict at the conclusion of all the evidence and thereafter, in refusing to grant the motion for judgment non obstante veredicto. This Court therefore will enter final judgment for the defendant which the trial court should have rendered. Judgment accordingly. Exceptions noted. Order see journal.

SKEEL, PJ, THOMPSON, J, concur.