JOURNAL ENTRY AND OPINION
Appellant, GMS Management Co., Inc., appeals the decision of the Berea Municipal Court in favor of appellees, Mark Roberts and Veronica Roberts. For the following reasons, we affirm.
The App.R. 9 (C) statement of facts states as follows: Appellees entered into a one year lease with appellant and moved in on September 10, 1997. Appellant told appellees that the rent for September 10 through September 30 would be pro-rated, and they would be billed for this rent.
On January 10, 1998, appellant called appellees and informed them that the prorated amount for September was $650. Appellant agreed that appellees could include the $650 with the rent for February.
National City Bank acted as appellant's agent for receiving rents. Appellees deposited a check dated January 30, 1998 for the February rent of $975 plus $650 for September. January 31, 1998 was a Saturday and February 1, 1998 was a Sunday. National City posted the appellees check to appellant's account on February 2, 1998. On February 4, National City sent a notice to appellant of the receipt of the deposit.
On February 3, 1998, appellant served a three day notice on appellees, alleging non-payment of rent, asked appellees to leave within three days and if not, threatened a lawsuit. Appellees phoned appellant and explained that they had already made the payment.
Appellees' attorney contacted appellants, but appellants provided no satisfaction within the three days. Appellant never informed appellees that they received the rent. Appellees worried that the check, drawn on an Alaskan bank was lost, and that by the time the check was found, they would be sued. Appellee-Mark Roberts is a member of the U.S. Military and recently moved to Ohio from Alaska, where he still maintained his bank account. Appellees were worried a lawsuit would negatively impact Robert's military career, so they moved out on February 6, 1998.
No forcible entry and detainer action was ever filed.
The trial court found that appellant breached the lease by serving a three day notice when their agent already had the rent money. The court ordered appellant to refund the February rent, less six days of rent ($975 less $210), plus the amount of the security deposit, less the cost of repairs to the apartment ($534 less $35)
 I.
Appellant's first assignment of error states:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DETERMINING THAT DEFENDANT-APPELLANT BREACHED ITS LEASE WITH PLAINTIFF-APPELLEES BY SERVING A THREE-DAY NOTICE.
A three-day notice does not constitute constructive eviction, even if the tenant is current with rent payments, if the tenant voluntarily leaves the premises. Greenburg v. Murphy (C.P. 1904), 4 Ohio C.C. (N.S.) 531; Ferguson v. Briddenberg (1950),87 Ohio App. 326; Grunau v. Faflik (App. 1947), 50 Ohio Law Abs. 142; Calvin v. Martin (Cuy. App. 1952), 64 Ohio Law Abs. 265. If a tenant voluntarily vacates, a tenant cannot recover for damages caused by the landlord's notice to vacate.Greenburg; Ferguson; Calvin, supra. A different rule was adopted in Weintraub v. Hurley (May 3, 1994), Franklin App. No. 93APG10-1473, unreported. Weintraub held that,
. . . once the three-day notice to vacate was issued, the landlord put the tenant on notice that she intended to terminate the tenancy. Such a manifestation of intent to terminate the lease may be treated by the lessee as a breach of the lease if such termination is without cause and unjustified. In such event, the landlord may be responsible for damages caused by the breach.
This case is distinguishable from Greenburg; Ferguson; Calvin,supra, because the appellees did not voluntarily leave the premises. Appellees called appellant and protested the three day notice. Appellant never informed appellees that it had received the rent. After receiving no response from appellant, appellees moved out, fearing a lawsuit would damage their career and credit rating. The trial court could find that under these circumstances, a constructive eviction occurred. See Annotation (1950), 14 A.L.R.2d 1450. The facts of this case are more similar to the facts of Weintraub, where the tenant protested the three-day notice.
Alternatively, even if appellant did not breach the lease by issuing the three-day notice, a mutual rescission resulted which terminated the lease. See Greenburg, supra at 535. A valid contract can be terminated by mutual consent of the parties, placing the parties in their original positions. See Snell v.Sales Ave. Assoc. (1996), 111 Ohio App.3d 23, 31; Hunter v. BPSGuard Serv. Inc. (1995), 100 Ohio App.3d 532. The three-day notice, when appellant knew or should have known the rent was paid in full, manifested an intent of appellant to terminate the contract. Appellees acquiesced by leaving the premises. The lease terminated as of February 6, 1998. It was not necessary for the court to apply the mutual recission theory, as the court correctly found that appellant breached the lease.
Appellant asserts that it subsequently accepted future rents after the three-day notice, so the three-day notice was waived. See Shimko v. Marks (1993), 91 Ohio App.3d 458, 463. CornerstoneCompanies v. Zipkin (1989). 60 Ohio Misc.2d 14. Acceptance of rent by appellant's agent was on Feb. 2 before the three day notice, so the three-day notice was not waived.
The trial court did not err in finding that appellant breached the lease.
Accordingly, this assignment of error is overruled.
 II.
Appellant's second and third assignments of error will be discussed together. They state:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO AWARD JUDGMENT FOR DAMAGES IN FAVOR OF DEFENDANT-APPELLANT.
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO ENFORCE THE TERMS OF THE LEASE.
The lease states that if the tenant is ejected by eviction proceedings or otherwise, the tenant shall remain liable for rent due for the balance of the lease term. The lease also states that if the tenant occupies the premises for less than the full term, the landlord may retain the entire security deposit. Appellees received a rent credit of $100 off the first month's rent. The lease states that if the tenant does not remain on the premises for the full term for any reason whatsoever, the tenant shall pay to the landlord the amount of the credit.
A breach of contract excuses the non-breaching party from further performance under the contract. See Software ClearingHouse, Inc. v. Intrak, Inc. (1990), 66 Ohio App.3d 163, 170;Pearson v. Huber Investment Corp. (Mar. 21, 1985), Franklin App. No. 84AP-526, unreported. Appellant cannot recover under the lease for the rent subsequent to when appellees' moved out, the security deposit or the rent credit.
Accordingly, this assignment of error is overruled.
The decision of the trial court is affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Berea Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PORTER, A.J., AND SWEENEY, J., CONCUR.
 ___________________________________ ANN DYKE JUDGE